544 So.2d 705 (1989)
Lauren Akers HARGETT, Plaintiff-Appellant,
v.
Robert J. HARGETT, Defendant-Appellee.
No. 88-199.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
Simon & Woodruff and Paul K. Woodruff, Lafayette, for plaintiff-appellant.
Ronald E. Dauterive, Lafayette, for interested parties.
F. Ray Mouton, Lafayette, for defendant-appellee.
*706 Before DOMENGEAUX, STOKER and KNOLL, JJ.
STOKER, Judge.
The issue presented in this appeal concerns the correctness of the trial court's judgment which ordered the defendant, Robert H. Hargett, to pay $900 per month plus medical expenses for his two minor children.
Lauren Akers Hargett and Robert H. Hargett were married on December 14, 1981 and two children were born of the marriage, Amanda Lee and Henry Hunter in 1982 and 1984, respectively. The parties separated in October of 1985 and a judgment of separation finding them mutually at fault was signed on May 7, 1986. Included in the separation judgment were provisions for custody, alimony pendente lite and child support. The parties were awarded joint custody of the children in accordance with a detailed plan of implementation, and Mr. Hargett was ordered to pay the sum of $1,200 per month as alimony pendente lite and child support. Mrs. Hargett was designated as the domiciliary parent with Mr. Hargett enjoying extensive visitation privileges.
On July 17, 1987, Mrs. Hargett filed a petition for divorce, additionally, seeking modification of the parties' joint custody plan and an award of child support to be fixed at a sum in excess of $1,200 plus medical and educational expenses. Mrs. Hargett was not entitled to seek permanent alimony by virtue of the finding of fault in the separation and pursuant to the terms of a prenuptial agreement between the parties. Mr. Hargett answered plaintiff's petition for divorce and responded to her rule for a modification in custody and support asserting that he was entitled to more extensive visitation privileges and to a decrease in support payments.
On August 17, 1987 the matter of the parties' divorce was submitted to the court as an uncontested matter, and after evidence was taken, judgment was granted as prayed for. The issues of custody and support were considered on October 19, 1987. After a hearing on the matter, the trial court took the case under advisement. The trial court assigned written reasons for judgment on November 17, 1987 finding that the original plan of joint custody should be modified and that a change of circumstances had occurred on the part of both parties. The trial court did not elaborate on the finding of a change of circumstances, but stated that, "the Court thinks that Lauren Hargett has been living beyond her means and Mr. Hargett will not be held responsible for this." Accordingly, child support was set at $900 per month with Mr. Hargett being responsible for all medical expenses incurred by or on behalf of the children. Judgment was signed on December 3, 1987.
Lauren Hargett has appealed the judgment of the trial court as to the award of child support. Robert Hargett has neither appealed the judgment of the trial court nor answered plaintiff's appeal.

CHILD SUPPORT
Lauren Hargett argues on appeal that the trial court abused its discretion in awarding only $900 per month plus medical expenses in light of the needs of the two minor children and the ability of Robert Hargett to pay for their support.
Mrs. Hargett submitted monthly expenses for herself and the children of $4,462.42 per month. These expenses were allocated at $2,099.14 as Mrs. Hargett's share and $2,363.28 as the two children's share. Mrs. Hargett also calculated their total expenses excluding the cost of automobile insurance which could be provided by Mr. Hargett. Mrs. Hargett's Affidavit of Income and Expenses is attached as Appendix A. These expenses were not challenged by Mr. Hargett nor was there any showing made that they were not reasonable expenses.
Mrs. Hargett is a registered nurse with a net income, at the time of the hearing, of $1,585.86 per month. Mrs. Hargett does not own her home or any other property and has no savings. She has consumer debts totaling $18,486.94, most of which, she testified, were incurred during the marriage, but which remained her responsibility *707 by virtue of the parties' prenuptial contract. Mrs. Hargett testified that she had already liquidated what little community property there was to support herself and the children.
By contrast, Mr. Hargett is one of two shareholders in CSI Hydrostatic Testers, Inc. In 1986 Mr. Hargett received $153,333 in salary, had interest income of $6,048, dividends of $9,446, a state tax refund of $7,221 and other income of $11,996. Mr. Hargett also received a federal income tax refund of $27,735 for 1986. Mr. Hargett owns his home and farm, drives a Mercedes and has a $200,000 certificate of deposit. At the time of the hearing, Mr. Hargett had a gross monthly salary from CSI Hydrostatic Testers, Inc. of $10,000. He listed no other source of income on his Affidavit of Income and Expenses. Mr. Hargett claimed total average monthly expenses of $8,772.49.
Included in Mr. Hargett's list of monthly expenses were $1,250 child support for a child from his first marriage, $1,200 to Lauren Hargett, $270.68 per month education expense, $900.02 for gas and groceries, and $903.34 for home improvements. At the hearing, Mr. Hargett testified that he had paid $5,474 in out-of-pocket medical expenses for Mrs. Hargett and the children.
Prior to the hearing, Mrs. Hargett subpoenaed Mr. Hargett's income tax returns and bank statements from the date of the first award until approximately June or July of 1987. Mrs. Hargett also obtained the medical benefits reimbursement information provided to Mr. Hargett by his insurer and Mr. Hargett's payroll information for January 1987 through October 15, 1987. These were put into evidence at the hearing.
Mrs. Hargett testified that of the out-of-pocket medical expenses claimed by Mr. Hargett, all but $61.58 was reimbursed to Mr. Hargett by his insurers. Mr. Hargett's bank statement showed that (1) between July 1986 and June 1987 he paid $637.55 to Tri-Parish Golf Club; (2) between August 1986 and February 1987 he paid $4,538 for hunting leases; (3) in July 1986 he purchased a truck for $17,796.34 in cash; (4) from April 1986 to June 1987 he paid $4,280.85 for clothing; (5) from May 1986 to June 1987 he paid checks totaling $4,666.74 to La Triomphe, a country club where he was a member; and, (6) from April 1986 to July 1987 he had cash checks totaling $12,783. Checks from CSI showed that from July 1986 to July 1987, Mr. Hargett was reimbursed for his gasoline, auto expenses and various meals in the amount of $4,162.25. Additionally, Mr. Hargett paid $1,282.50 in tuition for the 1986-87 school year for his two eldest children and approximately $1,800 for repairs to his daughter's automobile in 1986. Also, Mr. Hargett admitted that the $903.34 per month listed as home improvement expenses was a $10,840 cash payment made for brick work to his home.
Mr. Hargett claims that he can only pay $400 per month in support because he has suffered a reduction in income of almost one-half since the date of the first judgment fixing support in May of 1986. Mr. Hargett's first Affidavit of Income and Expenses dated December 9, 1985 showed a gross monthly income of $18,353. This was reduced to $10,000 in 1986, though he could not remember when in 1986. This gives Mr. Hargett an approximate gross annual salary of $120,000 and does not take into consideration other and considerable sources of income. It is apparent from the testimony and evidence that Mr. Hargett has substantial income and assets affording him a comfortable and affluent life-style. We think that Mrs. Hargett's is modest in comparison.
We recognize that the trial court has considerable discretion in fixing awards of child support and its judgment will not be disturbed absent a showing of abuse. Ducote v. Ducote, 339 So.2d 835 (La.1976). However, we find that the trial court clearly did abuse its considerable discretion in this instance and that its statement that Mrs. Hargett has been living beyond her means is without support in the record. While Mr. Hargett is not obligated to support Mrs. Hargett, his children are entitled to the same standard of living as if they *708 resided with their father if the financial circumstances of the father permit this. Ducote v. Ducote, supra. Parents have an obligation to support, maintain and educate their children and this support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. arts. 227 and 231. Mrs. Hargett has shown that she is willing and able to work and at present she is unable to make any greater financial contribution to her children's support. However, the day-to-day duties and services that she performs for her children contribute substantially to the mutual obligation of support. Ducote v. Ducote, supra. We think that Mr. Hargett's financial circumstances, while they may have changed, afford him an affluent life-style in which his children are also entitled to share. Mr. Hargett did not dispute the reasonableness of the expenses incurred by and on behalf of his children. After careful review, we do not consider the children's expenses to be extravagant, exaggerated, unreasonable, or out of proportion to the life-style which their father enjoys.
For this reason, we hereby increase the amount of child support awarded to that amount which Mrs. Hargett has demonstrated the children need and which we have determined Mr. Hargett is able to pay. Accordingly, the judgment of the trial court is amended and child support in the amount of $2,364 per month is awarded to Lauren Akers Hargett for the care of Amanda and Henry Hargett. This increase is made retroactive to the date of the trial court judgment, December 3, 1987. Additionally, Mr. Hargett is hereby ordered to pay all medical and dental expenses incurred by the children and not reimbursed by available insurance coverage. In all other respects, the judgment of the trial court is affirmed. The costs of this appeal are assessed to Robert H. Hargett, defendant-appellee.
APPENDIX A

*709 
*710