692 So.2d 1284 (1997)
Shermane Marie HECTOR, PlaintiffAppellee,
v.
Corey Joseph RAYMOND, DefendantAppellant.
No. 96-972.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
Writ Denied June 13, 1997.
*1285 David John Calogero, Lafayette, for Shermane Marie Hector.
Alan Stuart Fishbein, Baton Rouge, for Corey Joseph Raymond.
Before YELVERTON, SAUNDERS, PETERS and AMY, JJ., and BABINEAUX,[1] J. Pro Tem.
PETERS, Judge.
The plaintiff, Shermane Marie Hector, filed a rule against the defendant, Corey Joseph Raymond, to increase child support, to recover medical expenses paid by her, to have Mr. Raymond held in contempt of court, and to recover attorney fees. After a hearing, the trial court awarded relief to Ms. Hector in all of her requests except that it did not hold Mr. Raymond in contempt of court. Mr. Raymond has appealed, asserting four assignments of error. Ms. Hector has answered the appeal, asking that Mr. Raymond be held in contempt and that she be awarded additional attorney fees.

DISCUSSION OF THE RECORD
Shermane Marie Hector and Corey Joseph Raymond began a dating relationship while they were students at New Iberia Senior High School in New Iberia, Louisiana. During the course of this relationship Ms. Hector became pregnant. The parties chose not to marry, and on December 30, 1987, she gave birth to a son, Cody James Hector.
On July 19, 1993, Ms. Hector filed a petition against Mr. Raymond to establish paternity and to require that he pay child support. By a stipulated consent judgment, Mr. Raymond was declared to be Cody's father and joint custody was awarded with Ms. Hector being the domiciliary parent. Mr. Raymond was ordered to pay $1,200.00 a month in child support and $300.00 a month into a revokable educational trust for Cody and to provide medical and hospitalization insurance for Cody through his employment with the National Football League (NFL). The judgment also allocated visitation rights, gave Mr. Raymond the income tax dependency deduction for Cody, and ordered that Cody's last name be changed to Raymond.
In July of 1993, Mr. Raymond was a professional football player with the New York Giants, earning approximately $150,000.00 per year. He was subsequently traded to the Jacksonville Jaguars and then almost immediately traded to the Detroit Lions. In 1996, after the original contract had expired, Mr. Raymond renegotiated a new contract with the Lions. The new contract awarded him a $1.2 million dollar signing bonus and a salary of $4.5 million dollars to be paid over three years.
On March 7, 1996, Ms. Hector filed a motion for an increase in child support, alleging a change in circumstances based on Mr. Raymond's significantly increased income. Additionally, she alleged that Mr. Raymond had failed to provide medical insurance for Cody, causing her to incur substantial expense.[2] *1286 She asked that the court hold Mr. Raymond in contempt and order him to pay her all of the expenses that she had incurred, plus attorney fees and court costs.
Following a hearing on April 8, 1996, the court ordered Mr. Raymond to pay $6,000.00 per month for the support of Cody.[3] The court ordered that at least $4,000.00 of this amount be placed monthly in a court-supervised investment account for Cody with Ms. Hector as trustee of the account "[i]n order to help insure that money for the child's future support will be available should something happen to Mr. Raymond." Mr. Raymond was also ordered to continue maintaining and paying the premiums on Cody's health and hospitalization insurance policy and to provide continuing proof of such coverage. With respect to the medical expenses arrearages, the court found that Mr. Raymond was not in contempt because Ms. Hector never properly submitted the bills to him for payment. However, the court ordered Mr. Raymond to pay Ms. Hector $1,471.00 in past medical expenses. Additionally, the court granted Ms. Hector the income tax dependency deduction for Cody because it found that she was the only one who had requested it.[4] Finally, the court ordered Mr. Raymond to pay the sum of $1,703.77 to Ms. Hector for attorney fees and to pay all court costs. Mr. Raymond now appeals.

OPINION
By his first two assignments of error, Mr. Raymond contends that the trial court erred in increasing his child support obligation to $6,000.00 without considering the evidence of the needs of the minor child and in exceeding the proper scope of child support by allocating part of the money to be deposited in an account for the child's future benefit.
In order to have a child support award increased, the party seeking the increase must demonstrate to the court that a change in circumstances of one of the parties has occurred between the time the previous award was granted and the time of the motion for the modification of the award. La. R.S. 9:311(A). The trial court is granted much discretion in the modification of support awards, and we should not disturb that determination absent an abuse of discretion. Rosenbloom v. Rosenbloom, 94-1762 (La. App. 4 Cir. 4/26/95); 654 So.2d 877, writ denied, 95-1320 (La.9/1/95); 658 So.2d 1266.
In 1989, to aid in the determination of the proper amount to be awarded for child support, the legislature enacted a schedule setting out the basic child support obligation for parents with combined monthly gross income below $10,000.00. See La.R.S. 9:315.14. When the parents' combined monthly gross income exceeds $10,000.00, the trial judge is given discretion to set the award with the provision that the award may not be less than the highest amount set forth in the schedule. La.R.S. 9:315.10(B). The trial court determined that Mr. Raymond was earning approximately $107,500.00 per month,[5] and thus, the schedule provided it with no guidance as to an appropriate child support award for this child. However, this is not a new issue, and this court has previously addressed the proper method for setting child support when the parents' affluence places their income beyond the scope of the child support schedule. See Preis v. Preis, 93-569 (La.App. 3 Cir. 2/2/94); 631 So.2d 1349. In Preis, the trial court had *1287 merely extrapolated from the child support schedule to determine the proper amount of support. This court pointed out that this approach was erroneous because it failed to take into account the needs and lifestyle of the children.
Parents have an obligation to support, maintain, and educate their children and should maintain their children in the same status as if the parents were not separated or divorced; this support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay.
Id. at p. 13; 631 So.2d at 1357 [quoting Krampe v. Krampe, 625 So.2d 383, 386 (La. App. 3 Cir.1993), writ denied, 93-2763 (La.1/7/94); 630 So.2d 781].
Children are entitled to the same standard of living that they would enjoy if they lived with their father if their father's financial circumstances are sufficient to permit this. Hargett v. Hargett, 544 So.2d 705 (La.App. 3 Cir.), writ denied, 548 So.2d 1235 (La.1989).
This case presents an unusual fact situation. Unlike the litigants in the above cited jurisprudence, Ms. Hector and Mr. Raymond were never married to each other and never resided together. Thus, Cody has never enjoyed his father's standard of living because he has never resided with his father. Although Ms. Hector is now asking for additional support, she testified that she had been able to supply all of Cody's needs with the $1,200.00 she was previously receiving in child support and was even able to save some of that money to buy Cody a $1,827.00 computer. She wants the additional award so that she and Cody can get a place of their own,[6] and she testified that to do so, she would need a total of approximately $2,500.00 to $3,000.00 a month. The amount requested represents two percent or less of Mr. Raymond's current monthly income. The trial court awarded her nearly double the amount that she requested but ordered that two-thirds of the award be placed in trust for the future based on the reasoning that Mr. Raymond's career with the NFL was extremely speculative and could be cut short at any time. We agree with the trial court that Mr. Raymond has recognized a significant increase in his standard of living of which his child should be allowed to share. The question presented is whether the trial court can award twice the amount requested, by ordering that a portion be placed in trust for future use.
Obviously, the trial court agreed with the plaintiff that "the needs of the minor child in this case are less relevant and the ability of the father to pay is more determinative of the appropriate award of child support." It realized that essentially all of Cody's needs were currently being satisfied because it only awarded $2,000.00 a month for his current support but attempted to provide Cody with an insurance policy for the future due to the obvious instability of NFL employment.
While the trial court's approach is reasonable in fact and while we do not disagree that the length of a professional football player's career is uncertain at best, there is no certainty in anyone's life that they will not be disabled and unable to work in the future. Unfortunately, we find no authority in the law for such future planning techniques and choose not to establish a precedent for such decisions in the future. Therefore, we set aside that portion of the trial court's judgment ordering that $4,000.00 per month be placed in a court-supervised investment account.
We next turn to consideration of the validity of the overall award of $6,000.00 per month as child support. Ms. Hector based her motion to increase child support on the fact that Mr. Raymond has recognized a substantial increase in his monthly salary due to the renegotiation of his contract with the Detroit Lions. Mr. Raymond had been earning approximately $150,000.00 a year, but after signing the new contract, he was making approximately $150,000.00 a month.
We recognize that Ms. Hector did not present evidence of a $6,000.00 per month *1288 need. However, her support requirements were based on a situation which did not take into consideration the standard of living that Cody would be entitled to were he to reside with his father. See Hargett, 544 So.2d 705. We do not find that Cody should be denied the opportunity of a certain lifestyle that would be available to a minor child born to a legal union. We find that an award of $6,000.00 per month is just, legal, and proper based on our review of the record in these proceedings. La.Code Civ.P. art. 2164.
By his third assignment of error, Mr. Raymond contends that the trial court erred in ordering him to pay $1,471.00 in past medical expenses incurred by Shermane Marie Hector. Under the original child support decree, Mr. Raymond was ordered to "provide medical and hospitalization insurance through his employment with the NFL." Although Mr. Raymond apparently abided with the court's order to carry Cody on his insurance, he did not provide Ms. Hector with a proof of insurance card for Cody. Essentially, this failure on Mr. Raymond's part left Ms. Hector in the same position as she would have been in if he had failed to provide insurance for Cody. Many doctors will not even see a patient without first seeing proof of insurance. Additionally, without having the insurance card, the doctors would be unable to file their claims with Mr. Raymond's insurance. Although Mr. Raymond abided by the language of the original order, he did not take the necessary steps to provide Cody with actual insurance coverage. We do not find that the trial court abused its discretion in ordering Mr. Raymond to pay Ms. Hector the past medical expenses.
By his final assignment of error, Mr. Raymond contends that the trial court erred in ordering him to pay attorney fees when it found that he was not in contempt. Under La.R.S. 9:375(A), "[w]hen the court renders judgment in an action to make executory past-due payments under a ... child support award ... it shall, except for good cause shown, award attorney's fees and costs to the prevailing party." This court has previously concluded that La.R.S. 9:375(A) encompasses past-due payments in the form of medical payments. Crefasi v. Crefasi, 628 So.2d 1274 (La.App. 3 Cir.1993). However, at oral argument, counsel for Ms. Hector acknowledged that the medical expenses were not "past-due" and attorney fees should not have been awarded without finding Mr. Raymond in contempt. We agree and reverse that portion of the judgment awarding attorney fees. We do find that the trial court abused its discretion, and we find merit to this assignment of error.
In answering the appeal, Ms. Hector alleges that the trial court erred in failing to hold Mr. Raymond in contempt. She asks that we find Mr. Raymond in contempt and award her attorney fees for her costs associated with this appeal. We find that the trial court did not abuse its discretion in choosing not to hold Mr. Raymond in contempt. In its reasons for judgment, the trial court noted that it:
found the evidence was insufficient to establish that Mr. Raymond was in contempt of court for failure to maintain hospitalization insurance and pay medical bills. Mr. Raymond had in fact maintained the hospitalization insurance on his minor son but had not provided Ms. Hector with a copy of the policy or a card showing proof of coverage. He handed that over to her in Court. There was some evidence that Mr. Raymond had been less than helpful in processing past claims for past medical expenses incurred by the mother for the child and there was some evidence that the mother may not have timely and regularly furnished copies of the medical expenses for which she was claiming reimbursement.
Thus, in acknowledging that Mr. Raymond had not done all that he should have done, the trial court pointed out that Ms. Hector was not without some fault in this matter. Ms. Hector was unable to present the trial court with any proof that she had made Mr. Raymond aware of the medical expenses that she had incurred on Cody's behalf. We do not find that the trial court erred in refusing to find Mr. Raymond in contempt. Additionally, since we have concluded that Mr. Raymond is entitled to relief on appeal, we do not find that Ms. Hector is entitled to attorney fees related to this appeal.

*1289 DISPOSITION
For the foregoing reasons, the judgment of the trial court is amended to provide that Corey Raymond is ordered to pay $6,000.00 per month, without restriction, in child support for his minor son, Cody Raymond. We reverse the award of attorney fees against Mr. Raymond. In all other respects, the judgment is affirmed, and costs of this appeal are assessed to Corey Raymond, defendant-appellant.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED AS AMENDED.
AMY, J., concurs in part and dissents in part with written reasons.
AMY, Judge, concurring in part and dissenting in part.
I concur with the majority in all respects except for its affirmation of the trial court's award ordering Mr. Raymond to pay past medical expenses. In the original support agreement, Mr. Raymond was ordered to provide medical and hospitalization insurance. Mr. Raymond has done so. However, he did not give Ms. Hector a proof of insurance card for Cody. The majority concludes that the trial court was reasonable in holding that this omission by Mr. Raymond, although not contemptible, constructively failed to provide Cody with actual insurance and attributes liability to him for medical expenses, which he did not authorize and about which he had no knowledge, for this failure. I disagree.
While I agree that past medical payments may be encompassed by La.R.S. 9:375(A), I do not find this provision applicable to the present case. Ms. Hector did not present the trial court with any proof that she had made Mr. Raymond aware of the medical expenses which she incurred on Cody's behalf; nor was Mr. Raymond ever ordered to pay them. As such, I believe that the trial court did err in awarding her past medical expenses. I fail to see how these medical expenses can be classified as a past-due obligation of Mr. Raymond, when he was not: prospectively ordered to pay them; notified of their existence; given the opportunity to pay the bills, or send the claims to the insurance company. Accordingly, in my opinion, the trial court's judgment as to past medical expenses should be reversed.
NOTES
[1] Honorable Allen M. Babineaux participated in this decision by appointment of the Louisiana Supreme Court as judge pro tempore.
[2] While he was still with the New York Giants, Mr. Raymond provided Ms. Hector with an insurance card so that she could secure medical treatment for Cody. This card expired at the end of 1994, and Ms. Hector alleges that Mr. Raymond refused to give her an updated card. She was forced to secure insurance for Cody through her own insurance policy in May 1995 at a cost of $477.91. She additionally incurred medical expenses for Cody in the amount of $1,471.00.
[3] This order was to be in effect for three years or until further order of the court.
[4] Mr. Raymond has not appealed the awarding of the income tax dependency deduction to Ms. Hector. Therefore, we will not address the correctness of the trial court's reasoning.
[5] Apparently since Ms. Hector's income accounted for such a minuscule portion of the parties' adjusted monthly gross income, the trial court did not feel that it was necessary to determine what her monthly income was. Ms. Hector testified that she makes approximately $11,000.00 per year.
[6] She and Cody have been residing with her father and brother. She pays her father approximately $60.00 to $70.00 a month for rent and pays all of the bills for the house.