I ¡¿EDWARDS, Judge.
Defendant Michael Holland appeals a child support judgment rendered against him in favor of the State of Louisiana, in the interest of Marilyn Albert, in the amount of $738.00 per month. We affirm.
Pursuant to a petition filed by the State in 1988 under the provisions of La. R.S. 46:236.7, defendant Holland entered into a stipulated order of support in the amount of $125.00 per month for the support of two children, the issue of his relationship with Mrs. Marilyn Albert. In August, 1998, the State filed a rule for an increase in support, alleging a change in circumstances. Following a hearing, the trial court entered judgment ordering Holland to pay $738.00 per month.
At the hearing, Sophia Landry of the Office of Child Support testified that according to a paycheck stub supplied by the defendant, Holland’s gross income was $3352.00 per month, and that Mrs. Albert was unemployed. Because the children are of school age, the department calculated Albert’s income at | sminimum wage, and determined that income attributable to her was $892.00 per month. According to the child support guidelines, La. R.S. 9:315.14, the combined income of $4244.00 required support in the amount of $944.00 per month. Mr. Holland pays for medical insurance for the children in the amount of $35.00 per month. Since 79% of the combined income was attributable to defendant, Holland’s monthly child support obligation was determined to be $738.00.
Mrs. Albert testified that she had not been employed since 1994, when she worked at a nursing home. She had previously been receiving support for other children in her home, who no longer resided with her. Her only income was the $125.00 support payments from defendant. Expenses have increased for the two Holland children.
Mr. Holland testified that his earnings were as represented by the State, and that at the time of the original stipulated judgment, his earnings were less although he did not remember his gross earnings in 1988. Because Mr. Holland was unrepresented, the court examined him as to his situation. Defendant testified that Mrs. Albert had married approximately 6 months prior to the hearing; however, he had no evidence to that effect. He also stated that Mrs. Albert had been working through August of 1998, but again, there was no such evidence.
Entered into the record was the obligation worksheet utilized by the State, along with a photostatic copy of defendant’s paycheck.
Defendant avers that the trial court erred in failing to consider any benefits derived from the marriage of Mrs. Albert *723 under LA. R.S. 9:315(6)(c). La. R.S. 9:315(6)(e) reads:
|/‘Income” means:
[[Image here]]
(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party’s actual expenses.
However, as previously stated, Mr. Holland neither produced nor attempted to produce evidence of any marriage, or of the income of any such spouse, or the extent to which the alleged spouse’s income reduced the costs of Mrs. Albert’s obligations. Further, the language of the statute is permissive, not mandatory. It is within the discretion of the trial court to include or disallow such alleged “benefits.” Pendergrass v. Pendergrass, 94-1165 (La.App. 4th Cir. 1/26/96), 667 So.2d 1213,. Considering the record in this case, we cannot say the trial court abused its discretion here.
Defendant also avers that it was error to attribute minimum wages to Mrs. Albert because of her previous employment as a sitter at the nursing home. Holland contends that the trial court should have examined Mrs. Albert as to the cause of her unemployment under La. R.S. 9:315.9. It is not contested that Mrs. Albert was unemployed as of the time of the hearing.
La. R.S. 315.9 states:
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. The amount of the basic child support obligation obtained by use of this Section shall not exceed that amount which the party paying support would have owed had no determination of the other party’s earning income potential been made.
| ^Holland did not present evidence of Mrs. Albert’s income earning potential, for example, her wages when she was employed as a sitter. Further, there is no indication in the record that she is voluntarily unemployed so as envisioned under R.S. 9:315.9;
The party seeking the modification has the burden of proving that a change has occurred. McHale v. McHale, 612 So.2d 969, 972 (La.App. 2d Cir.1993). Once the moving party proves a change in circumstances, a presumption exists that the support obligation must be modified. The burden then shifts to the other party to disprove the change or otherwise overcome the presumption. Barrios v. Barrios, 95 1390 (La.App. 1st Cir. 2/23/96), 694 So.2d 290.
In the present case, the state proved that a change of circumstances existed under R.S. 9:311(0(1):
C. For purposes of this Section, in cases wherein the Department of Social Services is providing support enforcement services:
(1) A change in circumstance exists when a strict application of the child support guidelines, Part I-A of this Chapter, would result in at least a twenty-five percent change in the existing child support award. A change in circumstance does not exist under this Paragraph if the amount of the award was the result of the court’s deviating from the guidelines pursuant to R.S. 9:315.1 and there has not been a change in the circumstances which warranted the deviation.
The previous award was granted in 1988 prior to the establishment of the guidelines; therefore, the above section applies to this case. An increase of more than *724 25% in the previously existing child support award was proven. Defendant failed to carry his burden of either disproving the change or otherwise overcoming the above presumption.
The trial court is granted much discretion in the modification of support awards, and we should not disturb that determination absent an abuse of | fidiscretion. Rosenbloom v. Rosenbloom, 94-1762 (La.App. 4th Cir. 4/26/95); 654 So.2d 877, writ denied, 95-1320 (La.9/1/95); 658 So.2d 1266; Hector v. Raymond, 96-972 (La.App. 3rd Cir. 4/2/97), 692 So.2d 1284.
Finding no abuse of discretion in these proceedings, the judgment of the trial court is affirmed. Costs are assessed to appellant.
AFFIRMED.