JjGORBATY, Judge.
Michael J. Alline appeals a judgment increasing his child support obligation. The district court determined that a change in circumstances warranted the increase. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY:
Chase Satterfield was born on August 12, 1992, to Traci Satterfield and Dr. Michael Alline. In December 1993, a New York court determined that Dr. Alline was Chase’s father, and set child support at $510 per month. At that time, Dr. Alline was earning $3,034 per month as a medical intern and Ms. Satterfield was earning $1,080 per month. In 1997, Ms. Satterfield and Dr. Alline reached an extra-judicial agreement to increase the monthly support to $650. At the time of the hearing in this matter, Ms. Satterfield was employed as a real estate agent in Florida with a gross income of $1360 per month. She also reported that she was attending school part-time. Dr. Alline was employed as a radiologist with a gross monthly income of approximately $30,000.
*311 |2Ms. Satterfield’s Petition to Increase Child Support was heard on October 19, 1999. After taking the matter under advisement, on December 21, 1999, the trial court ordered: 1) Dr. Alline to pay $2,000 per month for basic child support, 2) Dr. Alline to provide medical insurance, and to pay 100 percent of any medical expenses not covered by insurance, and, 3) Dr. Al-line be granted the tax exemption for the minor child in alternating years beginning in 2000.
Dr. Alline filed a Motion for New Trial, which was denied. Dr. Alline filed this appeal arguing that the trial court abused its discretion by increasing the child support award, by making him responsible for 100 percent of the medical expenses not covered by insurance, and by granting him the tax exemption only in alternating years.
DISCUSSION:
In his first assignment of error, Dr. Alline claims that the trial court abused its discretion by increasing his child support obligation. He argues that there was no evidence in the record regarding his income in 1997 when he and Ms. Satterfield agreed extra-judicially to increase the support, and, therefore, Ms. Satterfield failed to show a change in circumstances. Dr. Alline further argues that there was no evidence introduced to prove that Chase’s needs increased from 1997 to 1998 to warrant the increase in support from $650 to $2000. Last, he argues that the trial court failed to consider the expense-sharing arrangement between Ms. Satterfield and her live-in boyfriend.
|sMs. Satterfield contends that she proved a change in circumstances since the 1993 judgment. She argues that at the time of the 1993 judgment Dr. Alline’s gross income was $3,034 per month when he was ordered to pay $510 per month, and, at the time of hearing, his gross income had increased to approximately $30,000 per month when he was ordered to pay $2,000 per month. She further argues that she is only required to demonstrate a change since the last judgment in 1993, and not since the extra-judicial agreement reached in 1997. Additionally, she argues that the amount of the award is justified to assure that Chase enjoy the standard of living he would enjoy if he lived with his father, citing Hector v. Raymond, 692 So.2d 1284 (La.App. 3 Cir.1997). Ms. Sat-terfield also relies on Hector to support her position that the needs of the child are less relevant than the father’s ability to pay. Ms. Satterfield does not dispute that she and her boyfriend were living together temporarily, but claims they did not share expenses, a fact not contradicted by Dr. Alline.
Louisiana Revised Statute 9:311 A states that “an award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.” Therefore, Ms. Satterfield only need demonstrate a change in circumstances since rendition of the previous judgment. The record supports that Ms. Satterfield has met this [¿requirement because Dr. Alline’s income increased from $3,034 per month in 1993 to $17,076 in 1997,[1] and subsequently to $30,000 per month in 1999.
Dr. Alline’s contention that Ms. Satterfield failed to prove that Chase’s *312 needs changed sufficiently to warrant an increase is unjustifiable. La. R.S. 9:315.10 provides, “[I]f the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in La. R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation.... ” Additionally, the district court must consider “the best interest of the child and the circumstances of each parent” when setting the amount of support. La. R.S. 9:315.14. Therefore, both the needs of the child and each parent’s ability to pay must be considered according to La. Civ.Code art. 231. However, the child support obligation is based more on the parent’s ability to pay as opposed to the child’s needs. This is evidenced by the way the basic child support obligation is calculated. The calculation is based on the income of the parties as found in La. R.S. 9:315.2 and not on the needs of the child. Therefore, Ms. Satterfield is not required to demonstrate a change in the needs of the child.
Further, because Dr. Alline’s income is approximately $30,000 per month, we find no abuse of the trial court’s discretion in setting his child support obligation at $2,000 per month. The highest level of income the schedule provides for is $10,000 per month. La. R.S. 9:315.14. The combined monthly gross income [ Rof the parties in this case is approximately $31,360 per month, an amount that clearly surpasses the schedule. Therefore, the trial court may use its discretion in setting the child support award.
Dr. Alline further argues that the award of $2,000 per month constitutes the entire child support obligation; however, there is nothing in the record to support this allegation. The $2,000 per month award represents Dr. Alline’s portion of the child support obligation.
Additionally, the trial court apparently found Ms. Satterfield’s testimony regarding expense-sharing with her boyfriend to be more credible than the allegations put forth by Dr. Alline. We shall not disturb this finding of fact.
The standard of appellate review by which this Court is bound is that in the absence of manifest error, deviations by the trial court from the guidelines shall not be disturbed. La. R.S. 9:315.12.1. We find no manifest error with regard to this issue.
In his second assignment of error, Dr. Alline claims that the trial court abused its discretion by ordering him to pay 100 percent of any medical expenses not covered by insurance. Dr. Alline argues that the trial court did not justify the inclusion of non-covered medical expenses in its reasons for judgment, and that the record did not contain any evidence that non-covered or extraordinary medical expenses exist. Ms. Satterfield counters that the trial court is authorized to allocate medical expenses not covered by health insurance to Dr. Alline pursuant to La. R.S. 9:315.5.
| ¡^Ordinary and extraordinary medical expenses are added to the basic child support obligation. La. R.S. 9:315.4 and 9:315.5. Ordinary medical expenses are covered by a health insurance policy, which the trial court may order one of the parties to purchase and maintain. In this case, the trial court ordered Dr. Alline to maintain a policy for Chase. Extraordinary expenses means uninsured expenses over $100 per single illness or condition. La. R.S. 9:315(3). Both of these types of expenses are added to the basic child support obligation, and apportioned between the parties according to their percentage of the gross monthly income. However, the child support statutes do not specifically address non-covered medical expenses, for example, deductibles and percentages of charges borne by the patient. Our *313 brethren in the Second Circuit have repeatedly held that the allocation of payment of future medical expenses not covered by insurance lies within the discretion of the trial court. See State ex rel. Metcalf v. Samuels, 34,402, p. 5 (La.App. 2 Cir. 12/20/00), 775 So.2d 1162, 1165; Welborne v. Welborne, 29,479, p. 7 (La.App. 2 Cir. 5/7/97), 694 So.2d 578, 583; Holdsworth v. Holdsworth, 621 So.2d 71, 78 (La.App. 2 Cir.1993). Because of the vast disparity in the income of the parties, we do not find the trial court abused its discretion in ordering Dr. Alline to pay 100 percent of any medical expenses not covered by insurance.
In his last assignment of error, Dr. Alline contends that the trial court erred in awarding the dependency tax exemption to him only in alternating years. He argues that he should have been granted the exemption every year, and not merely in alternating years, because his obligation exceeds 50 percent of the total child 17support obligation, and he has met the additional requirements of La. R.S. 9:315.13. Ms. Satterfield argues that Dr. Alline was in arrears in his child support payments, and did not demonstrate whether the deductions would substantially benefit him without harming her. She argues that he is thus not entitled to the dependency deduction.
Louisiana Revised Statute 9:315.13 B(l) provides:
The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and tax dependency deductions, if, ..., the judge finds both of the following:
(a) No arrearages are owed by the obligor;
(b) The right to claim the dependency deductions ... would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
The statute clearly provides that the non-domiciliary parent is entitled to the deduction if no arrearages are owed. Dr. Alline admitted at the time of the hearing that he was one month behind on his support payments because he wished to await the outcome of the hearing before making the payment. The statute does not provide for varying degrees of arrearage. Thus, because Dr. Alline was in arrears at the time of the hearing, we do not find that the trial court abused its discretion in only allowing Dr. Alline the deduction in alternating years.
Accordingly, we affirm the judgment of the trial court in its entirety. Costs of the appeal are to be borne by Dr. Alline.
AFFIRMED.

. In Dr. Alline's Answers to Interrogatories, he indicated that his gross income was $204,919 annually in 1997. This is equivalent to $17,076.58 gross monthly income per month.