# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 11-292 c/w 11-293


**DAVID E. ALLIE**

**VERSUS**

**SONJA ELLIS ALLIE**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NOS. 2009-5287 c/w 2009-5458
HONORABLE PHYLLIS M. KEATY, PRESIDING
\*\*\*\*\*\*\*\*\*\*


## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.


**AFFIRMED, AS AMENDED.**


**Charles J. Fitzgerald**
**Cox Fitzgerald, L.L.C.**
**113 West Convent Street**
**Lafayette, LA 70501**
**(337) 233-9743**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **David E. Allie**

**Julie Vaughn Felder, APLC**
**P.O. Box 80399**
**Lafayette, LA  70598**
**(337) 856-3444**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Sonja Ellis Allie**

**Bradford H. Felder**
**G. Andrew Veazey**
**Huval, Veazey, Felder & Renegar, L.L.C.**
**2 Flagg Place**
**Lafayette, LA 70508**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Sonja Ellis Allie**

**COOKS, Judge.**

Appellant, David E. Allie (hereafter David) appeals the trial court's child support award. For the following reasons, we amend the judgment to provide the housing allowance and yard care expenses do not become payable until Sonja Ellis Allie (Sonja) moves from the townhouse into another home. In all other respects, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

David and Sonja were married on November 23, 2002. They subsequently established their matrimonial domicile in Lafayette Parish. On April 28, 2006, the parties' only child, Vivian, was born. At the time of trial, she was four years old and attends St. Mary Early Learning Center.

On September 1, 2009, David filed a petition for divorce pursuant to La.Civ.Code art. 102. David's petition included ancillary claims for custody and use and occupancy of the family home. In response, Sonja filed an Answer and Reconventional Demand asserting claims for custody, child support, and use and occupancy of the family residence.

David used various methods including protective orders to prevent Sonja from having access to the family home. Eventually, Sonja had the lessees living in the townhouse that David donated to her as her separate property move out so that she could move into the townhouse. The parties attempted to mediate support and initially agreed upon an award of $15,000.00 per month. Despite this, David reduced the support payments substantially down to $3,000.00 per month.

On October 16, 2009, David amended his original divorce petition and added a cause of action for immediate divorce alleging Sonja committed adultery. After a contradictory hearing, a Judgment of Divorce on the amended action was granted on March 29, 2010.

On October 25, 2010, Sonja filed a motion to fix for hearing the pending rules to establish child support and use and occupancy of the family residence. The trial court noted since Vivian was under five, and Sonja did not work, employability was not a consideration. The sole consideration was the best interests of the child based on the child's needs and the ability of the parents to provide support. At the time of this hearing, custody of Vivian had not been decided and the parents enjoyed shared custody (50/50) by temporary order.

The trial court awarded use and occupancy of the family home to David. Noting there was no stability in Sonja's housing situation, as David was currently suing Sonja for rescission of the donation of the townhouse in which she resided, the trial court granted Sonja $2,500.00 per month in her child support towards rental of another home.

Further, the trial court noted David's income was in excess of the schedule in La.R.S. 9:315.19, because he earns approximately $110,000.00 per month. Thus, it reasoned the best interest of the child warrants that her lifestyle remain the same after the divorce as it was before the divorce while in the care of both the non-income earning parent as well as the income earning parent. Using the guidelines, the trial court determined the child's expenses were $9,976.00 per month ($119,712.00 annually) while in the care of the mother, and ordered the father to pay this amount directly to Sonja as basic child support. The trial court set forth the following reasons for her award:

> As I stated before the Twenty-five Hundred Dollars ($2,500.00) is Vivian's expense for the housing. And then I'm taking the estimates for monthly expenses of Eleven Dollars ($11.00) for the alarm, One Hundred Fifty Dollars ($150.00) for yard care, Twenty-three Dollars ($23.00) for pest control, Two Hundred Fifty Dollars ($250.00) for maid service, household expenses at One Thousand dollars ($1,000.00), and the clothing. Since David did not include clothing for Vivian the Court assumes that he would pay for at least half (½) of her clothes, reducing Sonja's cost from One Thousand ($1,000.00) to Five Hundred Dollars ($500.00). So, I'm using Five Hundred ($500.00) instead of One Thousand ($1,000.00). The car

2

note lease is Seven Hundred Twenty Dollars ($720.00). These are all Vivian's – the calculations for Vivian. Fifty Dollars ($50.00) for maintenance of the car, Three hundred Fifty Dollars ($350.00) for gas and oil, Seventy-five Dollars ($75.00) for repairs, One Hundred Twenty Dollars and Thirty-three Cents ($120.33) for insurance, prescriptions, Sixty-five ($65.00), expenses not covered by insurance, Fifteen ($15.00), routine exams Fifteen ($15.00), over the counter medications ($50.00), dental maintenance, Fifty ($50.00). Water at Kings Walk, since it's One Hundred Fifty Dollars ($150.00), that's the only amount I could use for what it would be at Richland or wherever she relocates to. And then I'm not allowing pool and pond costs because there's no pool and pond cost at Richland and it would be speculative at any other place. Electricity, Three Hundred ($300.00), cable, One-ten ($110.00), natural gas, Two-Fifty, ($250.00), cellular phone, Ninety ($90.00). That's half (½) of the bill as well. And I considered not paying that until the testimony was that that's the phone that she has in the home as well. And Vivian needs access to her dad by phone when she's away. Laundry and cleaning, Fifty ($50.00), personal and grooming, One-Fifty ($150.00). I'm not allowing the furniture because I think that that's not a monthly cost. I'm not allowing the life insurance on David's life. And what I'm doing is combining the birthdays expenses and the holiday expenses and dividing that in half (½), and it's Two Hundred Thirty-three Dollars ($233.00). Also, the entertainment and meals away from home I'm combining that because going to Chuck-E-Cheese and going to the fairs and tickets for the ice shows, I think that some of the times it's a combination, also. I'm giving One Thousand Dollars ($1,000.00) for that. Holiday expenses, Two Hundred Fifty ($250.00). Health club – Oh, no. I'm not going to allow the Two-Fifty ($250.00) because I believe that the holiday expenses are already included and it would be duplicative. Health club membership, Eighty Dollars ($80.00). The miscellaneous is too speculative. Charitable contributions, Twenty-five ($25.00), vacations with the child, I'm dividing that in half (½) and it's Twelve Hundred Eighty-nine Dollars ($1,289.00). And the Thirty Thousand Dollars ($30,000.00) that the Twenty-five Hundred Seventy-nine ($2,579.00) would come to was the amount spent and that was for both of them, and so I've divided that in half (½). Horses, Twenty-five ($25.00), grooming of the horses, Twenty-five ($25.00) and boarding Two Hundred Fifty-five ($255.00). And my total is Nine Thousand Nine Hundred Seventy-six Dollars ($9,976.00) with Dad paying the school expenses; tuition, registration fees, transportation, school lunches, fees, books and supplies, miscellaneous and whatever fees that they give. Plus the violin lessons, if she takes them, and the karate classes and the karate testing fees. Dad is required for that.

Now, I have something else to say. This ruling is made with what this Court considers the reasonableness of these party's economics. It should be noted that this is not considered what would be reasonable for expenses of a four (4) year old child in the average or even above average income family. For example, the Court took into consideration other expenses paid by the parties, in particular, cost of clothing for the child, which unrefuted, was Four ($400.00) to Five Hundred Dollars ($500.00) for two (2) outfits, or the payment of

over Fifty-seven Thousand Dollars ($57,000.00) paid to a private investigator after the necessity of proving adultery. And that was the payments made after March of 2010 when the divorce was granted. These are but two (2) examples of what this Court finds to be exorbitant. It should be considered in making their reasonableness judgment.

David appealed the trial court's support award, contending, in general, that the overall award of $9,976.00 per month was "abusively excessive," and that several of the individual expenses awarded were speculative.

## ANALYSIS

This court in *Falterman v. Falterman*, 97-192 (La.App. 3 Cir. 10/8/97), 702 So.2d 781, 783, *writ not considered*, 98-0076 (La.03/13/98), 712 So.2d 863, addressed deviation from the child support guidelines in the instance of income exceeding the Louisiana Child Support Guidelines as follows:

> La.R.S. 9:315.10(B) provides that, where the parties' monthly combined adjusted gross income exceeds $10,000.00, "the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule." And, attached to this statutorily guaranteed discretion, the trial court's judgment in such matters will not be disturbed in the absence of a showing of an abuse of discretion. *Krampe v. Krampe*, 625 So.2d 383 (La.App. 3 Cir.1993), *writ denied*, 93-2763 (La.1/7/94); 630 So.2d 781. Furthermore, when setting the amount of child support to be paid by a parent, the court strives to maintain the lifestyle of the child, when possible, while considering the child's reasonably proven expenses and the parent's ability to provide. See *Montet v. Montet*, 629 So.2d 538 (La.App. 3 Cir.1993); *Krampe*, 625 So.2d 383 (Domengeaux, C.J., concurring); *Hargett v. Hargett*, 544 So.2d 705 (La.App. 3 Cir.), *writ denied*, 548 So.2d 1235 (La.1989).

> The jurisprudence in our state consistently has recognized that there is "no universal mathematical formula" for calculating the amount of child support to be paid where the parties' combined adjusted income exceeds the child support guidelines contained in La.R.S. 9:315.14. *Serrate v. Serrate*, 96-1545, p. 7 (La.App. 1 Cir. 12/20/96), 684 So.2d 1128, 1133. However, this court has held that simple extrapolation of the guidelines, without considering the child's needs, is not an acceptable method. *Preis v. Preis*, 93-569 (La.App. 3 Cir. 2/2/94), 631 So.2d 1349 (rejecting *Aguilar v. Wilson*, 613 So.2d 228 (La.App. 1 Cir.1992), *writ denied*, 614 So.2d 66 (La.1993)). In *Preis*, this court stated:

4

> The support for a child or children of a more affluent lifestyle, as in this case, is a concern for the courts to address on a case by case method. We find by simply extrapolating from the guidelines without concern and discretion by the court in balancing the needs and lifestyle of the child or children, could lead to excessive child support awards.

Id. at 1356. A trial court must consider the totality of circumstances present in each case and formulate an award of child support accordingly. *Rosenbloom v. Rosenbloom*, 94-1762 (La.App. 4 Cir. 4/26/95), 654 So.2d 877, *writ denied*, 95-1320 (La.9/1/95), 658 So.2d 1266. While this court has recognized that some evidentiary proof of the children's needs is necessary, a trial court is not limited to an award of that amount. See *Hector v. Raymond*, 96-972 (La.App. 3 Cir. 4/2/97); 692 So.2d 1284, *writ denied*, 97-1134 (La.6/13/97); 695 So.2d 978; *Preis*, 93-569; 631 So.2d 1349. In *Hector*, this court affirmed a child support award where the mother did not present evidence of her child's needs in the amount of the support award. *Hector*, 96-972; 692 So.2d 1284. In support of that disposition, we stated:

> [H]er support requirements were based on a situation which did not take into consideration the standard of living that Cody would be entitled to were he to reside with his father. See *Hargett*, 544 So.2d 705. We do not find that Cody should be denied the opportunity of a certain lifestyle that would be available to a minor child born to a legal union. We find that an award of $6,000.00 per month is just, legal, and proper based on our review of the record in these proceedings. La.Code Civ.P. art. 2164.

*Id*. at p. 7; 692 So.2d at 1288.

In *Abbott v. Dunlap*, 541 So.2d 995 (La.App. 3 Cir.1989), this Court noted a father was not entitled to a reduction in child support where the mother's income was inconsequential in comparison to his. The mother's day-to-day care of the minor child was to be considered in reviewing her contribution to support. *Id*. "Moreover, it is well entrenched in Louisiana jurisprudence that children living with the mother are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit." *Abbott*, 541 So.2d at 998 (citing *Howell v. Howell*, 391 So.2d 1304 (La.App. 4 Cir.1980); *Davis v. Davis*, 428 So.2d 1195 (La.App. 5 Cir.1983); *Chaffee v. Chaffee*, 398

5

So.2d 1169 (La.App. 2 Cir.1981); *Hogan v. Hogan*, 465 So.2d 73 (La.App. 5 Cir.1985)).

David sets forth numerous cases which involved lesser support awards. We find these cases of little merit here, as the case law establishes "the amount of child support in a specific matter is to be judged on a case-by-case basis; there is no mathematical formula." *Jones v. Jones*, 38,790, p. 6 (La.App. 2 Cir. 6/25/04), 877 So.2d 1061, 1068; see also *Falterman*, 702 So.2d 781; *Langley v. Langley*, 07-754 (La.App. 4 Cir. 3/26/08), 982 So.2d 881. The primary factors are a parent's ability to pay and the lifestyle that the children would have enjoyed had the parents not separated, with the overriding factor being the best interest of the children. *Jones*, 877 So.2d 1061. The trial court's reasons for ruling indicate these were the factors she relied on in setting the support award. Thus, we find the trial court relied on the applicable law in rendering her award.

We turn to address the specific expenses which David claims were inappropriately awarded.

### *Housing Allowance.*

David contends the trial court erred in awarding a sum of $2,500.00 in additional child support towards another home, because this expense "does not presently exist." The trial court chose to include the housing expense in the award because the townhouse she resides in "offers no future stability since it is in litigation." The record bears this out. Although David donated the townhouse in question to Sonja, he has instituted litigation to rescind this donation, which is pending. Further, there was testimony from Sonja that she was planning to move to a more suitable home with a yard on a less busy thoroughfare. However, as the record establishes Sonja still resides in the townhouse, she presently has no housing expense. Therefore, we will amend the judgment to provide that the

6

housing allowance does not become payable until Sonja moves from the townhouse into another home.

### *Yard Care.*

David argues this expense was unnecessary as the townhouse where Sonja resided did not have a yard. This argument ignores the fact that David is seeking to remove Sonja from the townhouse, as well as Sonja's testimony that she intended to move into a suitable home with a yard for Vivian. The trial court included what it considered to be a reasonable amount for yard care for a home Sonja testified she intended to move into immediately. However, like the housing allowance, until Sonja moves into a new house with a yard, she presently has no yard expense. Therefore, we will amend the judgment to provide that the yard care expense does not become payable until Sonja moves from the townhouse into another home.

### *Vehicle Allowance.*

David argues the amount awarded for a vehicle allowance inadvertently reflected expenses for two vehicles. This is without merit. The trial court's award of $720.00 as a vehicle allowance is roughly one-half of the cost of the lease of the BMW at issue during the marriage. Sonja's testimony established the lease of the BMW cost approximately $1,400.00 per month. Thus, this award is not an abuse of discretion.

### *Utility Expenses.*

The trial court accepted Sonja's testimony and Affidavit of Income and Expenses regarding utility expenses and it was not an abuse of discretion to award them based on that evidence.

### *Medical Expenses.*

David contends the trial court abused its discretion in including an amount for uncovered medical expenses in its basic support obligation, and ordering David

7

to also pay any and all uncovered expenses. David argues this amounts to a "double-dip." We disagree. The judgment orders that David must pay any uncovered medical expenses in excess of the amounts included in the basic child support award. There is no abuse of discretion in that award.

### Household Expenses.

We find no error in the trial court's award for household expenses. It considered all of the testimony and evidence adduced at trial and gave explicit reasons for granting some expenses and denying others.

### Child Dependency Deduction.

David argues the trial court erred in not allocating the child dependency deductions to him, since it was concluded that the mother's earning potential should not be taken into consideration. However, as Sonja points out, the matter of the child dependency deductions was not raised as an issue below, therefore; we cannot consider it on appeal. See Uniform Rules, Courts of Appeal, Rule 1-3.

## CONCLUSION

Based on our review of the record of these proceedings, it is evident that the trial court properly exercised its discretion in setting the child support award. The record establishes this award will maintain Vivian in the lifestyle she has always enjoyed, and that David is capable of paying the stipulated amount. It is clear from the record that the trial court meticulously considered not simply the reasonable and necessary expenses, but also what would be necessary to maintain the child's lifestyle at the same level she has experienced before the divorce. This complies with the law and cases, and thus, we find the trial court's award was reasonable and fully supported by the record. However, as the record establishes Sonja still resides in the townhouse, and presently has no housing and yard care expense, we will amend the judgment to provide that the housing allowance and yard care expense do not become payable until Sonja moves from the townhouse

into another home.  In all other respects the judgment of the trial court is affirmed.

Costs of this appeal are assessed to plaintiff-appellant, David E. Allie.

**AFFIRMED, AS AMENDED.**