NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-618

SHERELL L. FONTENETTE

VERSUS

EARLY J. DOUCET, III

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 73783
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Lucretia Pecantte
Attorney at Law
P. O. Box 9010
New Iberia, LA 70562-9010
(337) 374-1202
COUNSEL FOR PLAINTIFF-APPELLEE:
    Sherell Fontenette

**Roshell Jones**
**Attorney at Law**
**405 W. Main Street, Ste. 107**
**Lafayette, LA 70501**
**(337) 504-3437**
**COUNSEL FOR DEFENDANT-APPELLANT:**
  **Early J. Doucet, III**

**PICKETT, Judge.**

Early Doucet appeals the trial court's award of child support to the mother of his son, Payton, arguing the amount is excessive. We affirm.

**FACTS**

On October 24, 2004, Payton Tyler Doucet was born to Sherrell Fontenette and Mr. Doucet who had a romantic relationship but never married. In 2008, Mr. Doucet was drafted by the Arizona Cardinals football team of the National Football League. After Mr. Doucet was drafted, Ms. Fontenette filed suit, seeking an award of child support. During that proceeding, Mr. Doucet's salary was determined to be approximately $54,333 per month. In November 2008, Ms. Fontenette and Mr. Doucet entered into a Consent Judgment in which he agreed to pay Ms. Fontenette child support in the amount of $3,000 per month. At that time, Mr. Doucet had one other child and was given credit for a previous ordered award of child support for that child.

In May 2012, Ms. Fontenette filed a Motion for Increase in Child Support because Mr. Doucet had signed a new contract with the Cardinals and his income increased to approximately $166,667 per month. A Hearing Officer's Conference was held on July 20, 2012. The Hearing Officer recommended that Mr. Doucet's child support obligation increase to $8,250 per month retroactive to the date Ms. Fontenette filed her motion. Mr. Doucet objected to the hearing officer's recommendation, and a hearing was held before the trial court. The trial court took the matter under advisement and subsequently issued Written Reasons for Judgment, granting Ms. Fontenette's motion and increasing Mr. Doucet's monthly child support payment to $7,500 per month. The trial court signed a judgment conforming with its Reasons for Judgment.

Mr. Doucet appealed the judgment. He assigns one error: the trial court erred in increasing Mr. Doucet's monthly child support payment from $3,000 per month to $7,500 per month.

## DISCUSSION

Ms. Fontenette had to prove that a material change in circumstances had occurred since the Consent Judgment. La.Civ.Code art. 142; La.R.S. 9:311(A). Mr. Doucet does not dispute that the substantial increase in his monthly income is a material change in circumstances for purposes of Ms. Fontenette's rule. He contends, rather, that Ms. Fontenette did not prove she is entitled to have her child support increased to $7,500 because it is more than twice the $3,500 per month in expenses she proved for Payton.

The trial court has discretion in setting the amount of child support when the combined adjusted gross income of the parties exceeds the highest figure provided in the Schedule of Basic Child Support Obligations contained in La.R.S. 9:315.19. La.R.S. 9:315.13(B)(1). In this regard, the trial court must consider the needs of the child and the ability of the parents to pay. *Id*.; La.Civ.Code art. 141. The only limitation on the trial court's discretion is that it cannot "be less than the highest amount set forth in the schedule" set forth in La.R.S. 9:315.19. La.R.S. 9:315.13(B)(1). In cases such as this one, the trial court may consider the standard of living the child would enjoy if he lived with his father or if his parents were married to each other. *Allie v. Allie*, 11-292, 11-293 (La.App. 3 Cir. 11/30/11), 80 So.3d 644, *writ denied*, 12-03 (La. 3/2/12), 84 So.3d 534.

The trial court's Reasons for Ruling show it considered the law and the personal factors of the parties pertinent to Ms. Fontenette's request, including her annual income of $33,719 and the fact that Mr. Doucet has two children other than

2

Payton to support. Our review of the record does not show that the trial court's award of $7,500 per month in child support is an abuse of discretion under the facts of this case. Accordingly, the judgment of the trial court is affirmed.

## DISPOSITION

The judgment of the trial court is affirmed. All costs of this appeal are assessed to Early Doucet, III.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES−COURTS OF APPEAL.