RCANNELLA, Judge.
Defendant, Charles Genovese, Jr., M.D., appeals from a judgment increasing child support to his minor son. We affirm.
Alleging a change of circumstances, plaintiff, Michele Ritter, filed to increase child support and modify visitation on September 8, 1994. A previous order of support had been rendered on June 22, 1987, when the child was 1 year old, for $600 per month, payment of community debts and 80% of dental and medical expenses including “extraordinary expenses.” That judgment also stated that “... this Judgment will be reconsidered when the child’s needs change, for example, educational expenses.” When the child reached the age of 5 years old in 1991, the parties agreed to an increase to $900 per month.
Defendant denied that there was a change of circumstances. After a pre-trial conference on August 2, 1995, a hearing officer recommended that the child support be increased to $2,000 per month. The trial judge accepted this | Hrecommendation and issued an interim order on September 1, 1995, raising the child support to $2,000 per month, without prejudice to either party, pending the hearing on the petition before him.
The hearing was held on February 6, 1996 and May 18, 1996. On July 2, 1996, the trial judge rendered a judgment in favor of plaintiff, increasing the child support to $2,000. In his reasons for judgment, the trial judge found that plaintiffs income as a nurse had not changed significantly, that the child’s monthly expenses were $2,500 and that defendant’s yearly income rose dramatically from $112,251 to $415,000, plus rental income, in 1991. In addition, defendant was giving his 24 year old daughter $1,100 per month. This judgment was subsequently clarified to reflect that the only issue was the cash increase and not any of the other provisions of the 1987 support order.
Defendant appealed the judgment. However, part of the May 18, 1996 transcript was lost due to a theft of the court reporter’s car. The February 6, 1996 testimony of defendant and his present wife were transcribed and available. As a result of a motion to this Court, we issued an order on October 10, 1998 in which we ordered the parties to jointly submit a narrative of the missing testimony. The order stated that if the parties could not agree, then the trial judge was to issue a narrative and that the parties would be bound by the trial judge’s narrative of the facts. The parties could not agree and the trial judge issued a narrative of the facts. In his narrative, the trial judge stated that he reviewed his notes from the May 13, 1996 hearing and that the direct testimony of plaintiff was not part of the lost testimony. He also stated that the evidence on May 13, 1996 showed that defendant worked 80-90 hours per week and earned $160,00 to $170,000 during 1996, the same as he had earned in 1995.
|4On appeal, defendant first contends that a new trial should be ordered because the missing transcript made relevant testimony not available. Second, defendant argues that the trial judge erred in finding a change of circumstances occurred warranting an increase in child support.
We will not address the matter of the missing transcript. This court ordered the parties to submit a narrative. If, the parties could not agree, then we ordered the trial judge to issue a narrative. Furthermore, defendant complains that certain items of evidence were held open until cross-examination of plaintiff and that the trial judge’ decision is missing from the record. However, he does not claim that the cross-examination did not take place or that the exhibits were not subsequently admitted. The trial judge’s factual findings indicate that he did consider plaintiffs expense sheet and receipts or supporting documents.
In defendant’s brief, he cites no figures to dispute the trial judge’s findings of fact. He only argues that La.R.S. 9:315.14 provides that the maximum monthly child *809 support award for 1 child is $1,059 based on a combined monthly gross income of $10,000, applicable here. He notes that the trial judge has discretion to deviate from the guidelines when the combined incomes exceed the highest level, but argues that the deviation must be supported by the record. Defendant asserts that here, the record does not support the deviation because the record is incomplete.
We disagree. The record contains the parties’ incomes, plaintiffs expense sheet (to which defendant’s objection was overruled) and facts that defendant pays his major child $1,100 per month, $200 of which he claims is wages for her services to his medical practice.
The evidence shows that defendant is an internal medicine physician |fipracticing in Independence, Louisiana. He owns the building in which his office is located and the building has two apartments available for rent. At the time of trial, one was rented for $230 per month. From 1992 through the middle of 1994, defendant supplemented his income by working at Lolly Kemp Hospital and the Seventh Ward Hospital. Defendant made $112,251 in 1987 and $265,459 in 1990 from his medical practice. In 1991, his gross medical income was $257,968. In 1992, he earned $470,131 from his practice, $104,398 from the hospital and health club associated with his physical rehabilitation business. After expenses he made $336,427 net profit, excluding depreciation. He also owned 54 acres of land, 50 of which are located near the interstate highway. That year he also rented part of the rehabilitation building to another hospital, earning $500 to $600 per month and he was paid $1,500 as medical director. In 1993, defendant’s income was over $700,000, but he actually earned $405,020. In 1994, defendant formed a Professional Medical Corporation, which rents the building from him personally for $10,000 per month. His income was $415,000. The corporation grossed over $600,000. Because the 1995 income tax returns were not available when the trial began, the parties stipulated that defendant’s income was not less than $195,683. However, the testimony shows that the corporation pays for numerous expenses, such as medical malpractice insurance, salaries to his employees including his wife and daughter, building repairs, maintenance and taxes, disability insurance, computer billing and a car that defendant uses to go to and from the office and hospital. Defendant’s yearly income is at least between $230,000 and $250,000. Notably, defendant had cut back on his work hours in 1995 after the petition was filed. He stated that he did so because of the stress of working longer hours. Defendant’s expenses at home 1 ¿include a yard worker, 2 to 3 days per week for 4 to 6 hours at $6 per hour. When with the defendant, the minor son, John, has bunk beds, bookcases and a desk in his room. He has access to a computer, video and Nintendo games. He has available to him a bicycle, a tree house, a swing set, a pond, a swimming pool and several telescopes belonging to defendant.
Plaintiffs incoihe as a nurse has remained fairly consistent. In 1995 her net income was $1,284 per month, which rose to $1,414 in 1996. She explained that she arrived at her expenses for John by checking receipts and invoices annually and dividing the amounts by 12 months. Costs that she shared with her son were divided by 2 to arrive at' a figure reflecting his costs. Some items on the expense sheet are unknown because she had not- been able to secure them at the time of trial. Plaintiff purchased her home 3 years before the hearing. The home was built in 1930 and needs maintenance and periodic repairs. She showed expenses for John that include John’s share of the mortgage, homeowners insurance, property taxes, utilities, telephone, house maintenance and repairs, car and transportation expenses and his furniture. She listed entertainment expenses, after school care, pet expenses, gifts for John’s' friends, family and teachers, drugs, school uniforms, dental *810 costs and church contributions. Included are travel and vacation expenses, tuition and the registration fee at Christian Brothers School, camp expenses, books and supplies for school and supplies and equipment for John’s activities, which include roller blades, musical instruments, fishing, camping with the Cub Scouts, swimming, football, baseball and mechanical models. Plaintiff also claims costs for the computer, compact discs, a computer printer, speakers and games. She stated that John’s present swing set is rusted and lacks swings. Also, plaintiff pays John an allowance and would like to |7get him a round globe for school work and an encyclopedia set. Plaintiff claims $2,136 in monthly expenses for John.
Based on the evidence, the trial judge increased the child support over the statutory maximum, citing the significant increase in defendant’s income. The evidence supports this finding. We further note that neither plaintiff nor defendant produced a 1991 expense list because the parties reached a verbal agreement at that time to increase the child support from $600 to $900. In 1991, the child was 5 years old and just starting school. At the time of this trial, he was 9 years old and changing schools. John is engaging in more physical activities requiring the use of various equipment and his educational needs are increasing. After our review of the evidence, we find that the trial judge did not abuse his discretion in increasing the child support, considering the significant increases in both defendant’s income and John’s expenses.
Finally, plaintiff requests that this court dismiss the defendant’s appeal on the basis that it is frivolous and award to her sanctions and damages. Plaintiff argues that sanctions are warranted because defendant exhibited a lack of effort regarding the supplementation of the record for the missing transcript and the failure to brief the issues with any specificity. We disagree and find that sanctions are not appropriate in this case. We have no record proof of defendant’s alleged dilatory and deficient actions.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of appeal are to be paid by defendant.
AFFIRMED.