759 So.2d 1079 (2000)
STATE of Louisiana and Glorietta Rigsby Baxter, Plaintiffs-Appellees,
v.
Charles Edward BAXTER, III, Defendant-Appellant.
No. 33,188-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 2000.
Campbell, Campbell & Marvin by John C. Campbell, Minden, Counsel for Appellant.
James M. Bullers, District Attorney, Robert R. Smith, Assistant District Attorney, Counsel for Appellees.
Before BROWN, PEATROSS and KOSTELKA, JJ.
BROWN, J.
This appeal arises from a judgment increasing the amount of child support paid by Dr. Charles E. Baxter, III, to his exwife Glorietta Baxter from $450 per month to $1,610.43 per month. For the reasons set forth below, we amend the trial court's judgment, and as amended, affirm.[1]

FACTS
This matter came before a hearing officer pursuant to a rule to increase child support filed by the State of Louisiana on *1080 behalf of the minor child who resides with her mother in North Carolina. At this time the child, Ashley Baxter, was 15 years old. Both the mother and father testified and evidence concerning their incomes was not disputed. The hearing officer rendered a written opinion and recommendation that Dr. Baxter's child support be increased to $1,610.43 per month. The district court subsequently accepted the hearing officer's recommendation.
The evidence established that Dr. Baxter's gross monthly income was $18,854 and Ms. Baxter's gross monthly income was $1,782. The parties' combined monthly income exceeded the highest level specified in the schedule contained in the statutory child support guidelines. The hearing officer observed that there was no evidence of the child's expenses and that it was the hearing officer's impression that the child received little or no direct assistance from Dr. Baxter other than what he paid through child support. The hearing officer did note, however, that Dr. Baxter had stated at trial that he intended to assist with his daughter's education.

DISCUSSION
Dr. Baxter argues that the trial court deviated from the schedule in the statutory guidelines in its determination of child support. He argues that such a deviation was error because there was no evidence of the expenses or needs of the child. He claims that the court should have set support at $1,059, the maximum provided by the guidelines.[2] We disagree. The statute sets out a method to determine child support when the parties' income exceeds $10,000. Both the hearing officer and trial court complied with this methodology.
La. R.S. 9:315.14 A provides a schedule to be used to determine basic child support. Its listing stops at a combined adjusted gross monthly income of $10,000. At that level, for one child, the basic support amount is $1,059. La. R.S. 9:315.14 B, however, states that if the combined adjusted gross monthly income exceeds $10,000, then the court, in its discretion, may award child support beyond the schedule of support in accordance with the child's best interest and the circumstances of each parent.
La. R.S. 9:315.10(B) states:
If the combined adjusted income of the parties exceeds the highest levels specified in the schedule contained in R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule.
The First Circuit addressed the issue of awarding support when the combined income of the parties exceeds $10,000 in Colvin v. Colvin, 94-2143 (La.App. 1st Cir. 10/06/95), 671 So.2d 444, 445-446, by stating the following:
Guidelines are provided for the calculation of the child support obligation. La. R.S. 9:315-315.15. The district court is to determine the combined adjusted monthly gross income of the parents and assign a percentage of the total to each according to their proportionate share of the combined income. The schedule in La. R.S. 9:315.14 is then utilized to find the child support obligation. The combined adjusted monthly gross income and the number of children are the two factors employed.
Net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses must be added to the basic child support obligation amount to determine the total child support obligation. La. R.S. 9:315.8. The court may add any expenses for attending a special or private school, and may also add any expenses for transportation of the child *1081 from one party to the other. La. R.S. 9:315.6.
If the combined adjusted gross income of the parties exceeds the highest level specified in the Schedule of Basic Child Support Obligations, La. R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation. The obligation, in circumstances such as these, can not be lower than the highest amount found in the schedule. La. R.S. 9:315.10(B). The highest combined adjusted monthly income in the schedule is $10,000.00 and the highest corresponding obligation for three children is $2,062.00.
Under the clear provisions of La. R.S. 9:315.10(B), the district court has discretion in setting the amount of the basic child support obligation when the combined adjusted monthly gross income of the parties exceeds the highest figure provided in the schedule, and its judgment in such matters will not be disturbed in the absence of a showing of an abuse of that discretion. Aguilar v. Wilson, 613 So.2d 228, 229 (La.App. 1st Cir.1992) writ denied, 614 So.2d 66 (La. 1993).
When the court deviates from the guidelines, it shall give oral or written reasons for the deviation. La. R.S. 9:315.1(B). This court has held that in cases where the parties have a combined adjusted gross monthly income in excess of $10,000.00 and the court must use its discretion when setting the basic child support obligation, oral or written reasons are required under La. R.S. 9:315.1(B). Aguilar, 613 So.2d at 228. See also, Aguilar v. Wilson, 597 So.2d 1186, 1187 (La.App. 1st Cir.1992), appeal after remand, 607 So.2d 837, 837-838 (La.App. 1st Cir.1992).
Understood in the application of discretion is the realization that there is no universal mathematical formula that can be applied. As each case turns on the unique facts presented, the district court's reasons for its decision are necessary and helpful to the reviewing court.
Both La. R.S. 9:315.10(B) and La. R.S. 9:315.14 B provide for setting child support when the income of the parties exceeds the highest amount listed in the schedule. The amount of support to be set should be judged on a case-by-case basis; there is no mathematical formula, including one that simply extrapolates from the maximum amount listed. The circumstances of the parents and the child's best interest are the determinative considerations. A parent's ability to pay and the lifestyle that the child otherwise would enjoy if the parents had not separated are important considerations.
In Ritter v. Genovese, 97-263 (La.App. 5th Cir. 08/31/99), 740 So.2d 807, the father was a medical doctor whose yearly income was "at least between $230,000 and $250,000." The trial court increased the father's child support payments from $900 per month to $2,000 per month and the appellate court affirmed. Similarly, in Bullock v. Bullock, 98-0263 (La.App. 4th Cir. 08/19/98), 719 So.2d 113, the father's monthly income was approximately $22,700 per month, while the mother's income was approximately $2,800 per month. The court increased the father's child support payment to $3,000 per month and the appellate court found no abuse of discretion. In so holding, the appellate court noted that children are entitled to the same standard of living they would enjoy if they lived with their noncustodial parent if that parent's financial circumstances are sufficient to permit such a living standard. The court cited the case of Hector v. Raymond, 96-972 (La.App. 3d Cir.04/02/97), 692 So.2d 1284, writ denied, 97-1413 (La.06/13/97), 695 So.2d 978, in which the father, a professional football player, was earning approximately $107,500 per month and was ordered to pay $6,000 per month for support of his son. The mother in Hector did not present evidence of a $6,000 per month need. The court noted that using only basic expenses for the child would not take into consideration the standard of living that the son would enjoy if he resided with his father.
*1082 In the instant case, we find no abuse of discretion in the trial court's award, however, we amend the amount to $1,616.81 per month in child support.[3] Dr. Baxter obviously has the means to pay such an award, which constitutes less than 10% of his gross monthly income. Furthermore, the hearing officer correctly observed that not to consider the higher income of Dr. Baxter would be unjust. Dr. Baxter's daughter should receive the benefit of a lifestyle which she otherwise would have had if her parents had not separated.
Finally, we note that the trial court accepted the hearing officer's recommendations. The hearing officer reduced the total amount of child support to reflect the cost paid by Dr. Baxter for health insurance on Ashley. Dr. Baxter's obligation to continue to provide this coverage was inadvertently left out of the judgment. As such, we amend the judgment to recognize Dr. Baxter's obligation to maintain health insurance covering the child.

CONCLUSION
For the reasons set forth above, we find no abuse of discretion in the child support award herein, however, we amend the trial court's judgment to correct a miscalculation and affirm. We also amend the trial court's judgment to include an obligation on the part of Dr. Baxter to maintain, at his cost, health insurance coverage for Ashley Baxter. All costs are to be paid by appellant.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] This case started in 1991 when the state received a request from Glorietta Baxter for services through the IV-D program for assistance in collecting child support arrearages from Charles E. Baxter, III. The case was handled by the Bossier Parish District Attorney's Office in juvenile court. A stipulation was entered setting the arrearages at $2,200 and ordering Dr. Baxter to pay $150 per month for support of his daughter, Ashley Baxter. In 1993 a rule was filed for contempt by the district attorney for Dr. Baxter's failure to pay the ordered child support. On this rule, Dr. Baxter was sentenced to 60 days, suspended on the condition he pay the $150 each month. A rule was filed in 1996 by the district attorney to increase Dr. Baxter's child support obligation. By agreement, at that time it was increased to $450.
[2] In support, he cites Falterman v. Falterman, 97-192 (La.App. 3d Cir.10/08/97), 702 So.2d 781.
[3] The hearing officer correctly stated that $1,059.00 was the basic obligation for one child at the maximum guideline level of $10,000 per month but inadvertently used $1,052.00 in her calculation. As such, we have amended her calculation to reflect the correct amount.