803 So.2d 399 (2001)
Karen Laird PORTER, Plaintiff-Appellant,
v.
Mark E. PORTER, Defendant-Appellee.
No. 35,301-CA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2001.
*401 Susan D. Scott, Shreveport, Counsel for Appellant.
Sockrider, Bolin, Anglin, Batte & Bowers, by D. Rex Anglin, Shreveport, Counsel for Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
PEATROSS, J.
This appeal arises from the judgment of the trial court on a rule to modify child support filed by the mother, Karen Laird Porter ("Karen"). The trial court granted a 76 percent increase in child support, but Karen argues on appeal that is not enough to cover the expenses of the minor children. It is from that judgment that Karen appeals. For the reasons stated herein, the judgment of the trial court is affirmed.

FACTS
Karen and Defendant, Mark Ellis Porter ("Mark"), were divorced on August 22, 1994. They were awarded joint custody of their four children, H.P., J.P., C.P. and M.P. Karen was the named domiciliary parent. Mark was ordered to pay child support in the amount of $625 per child per month and to maintain medical insurance for the children. Karen was awarded ownership of a home in the property settlement, but later sold it for a sum equal to the price of the house she lives in now.
On March 31, 2000, Karen sued for an increase in child support. Karen was unemployed at the time, but she had worked the previous year for an annual salary of $29,900. Mark's income was $706,000 in 1999, but the value of the properties owned by his corporations were not admitted into evidence.
H.P. became 18 years old in April 2000 and began attending college in August 2000. In 1995, Karen and Mark bought H.P. a vehicle and each paid half of the purchase price. Mark, however, refused to pay for the insurance, which Karen paid. Mark paid H.P.'s tuition for her first semester of school, and Karen paid the remainder of H.P.'s college expenses.
J.P. turned 16 in May 2000. Karen purchased him a used vehicle and Mark refused to contribute any money towards its purchase. Karen amortized the purchase price over 12 months and included it in her expense list. The trial court, however, held that this was not an allowable expense.
Karen testified that her monthly expenses for the children exceeded $5,000 per month and that she could not afford to provide the children with luxuries they deserve as a result of Mark's substantial income. The trial court awarded $1,100 for each of the three minor children, totaling $3,300 per month. In addition, Mark was also ordered to pay the base fees for certain enumerated extra-curricular activities, class rings, year books, tutoring expenses, up to two horseback lessons per week and maintenance and insurance for J.P.'s vehicle.
On appeal, Karen raises the following assignments of error:
(1) The trial court erred in not admitting all of Mark's "means" of earning income as well as Karen's contribution for housing;
(2) the trial court erred in finding that Karen's living expenses in 1994 were $3,302 per month;

*402 (3) the trial court erred by not requiring Mark to reimburse Karen for the vehicle driven by J.P.;
(4) the trial court erred in finding that the actual and reasonable expenses of the minor children were less than $3,300 per month;
(5) the trial court abused its discretion in setting support at a level inconsistent with the expenses of the children and the lifestyle of Mark; and
(6) the trial court erred in failing to make the child support award in globo.

DISCUSSION
An award for child support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9:311(A). Since Karen showed that her expenses for raising the children had increased and that Mark's income was substantially greater, the trial court was correct in finding a change in circumstances sufficient to modify the existing child support amount.
Child support is to be granted in proportion to the needs of the children and the ability of the parents to provide support. La. C.C. art. 141. The trial court is to determine the combined adjusted monthly gross income of the parents and assign a percentage of the total to each according to their proportionate share of the combined income. La. R.S. 9:315.2(C). La. R.S. 9:315(A) provides a schedule for determining the amount of child support parties must pay, unless the combined adjusted gross monthly income of the parties exceeds $10,000.[1] If the parties' combined adjusted gross monthly income exceeds $10,000, then the trial court "shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule." La. R.S. 9:315.10(B).
The trial court found that Mark would earn approximately $700,000 per year, but it did not consider Karen's potential earning capacity because it was minuscule in comparison to Mark's. See Hector v. Raymond, 96-972 (La.App. 3d Cir.4/2/97), 692 So.2d 1284, writ denied 97-1134 (La.6/13/97), 695 So.2d 978. Karen complains, however, that Mark could potentially earn more than $700,000 per year. She argues that the value of the properties owned by the corporations controlled by Mark should have been considered by the trial court, since a large part of his income is received from the rental of these properties. The trial court, however, did not consider all of Mark's "means" and earning potential because it did not allow into evidence the value of the properties owned by the corporations that are controlled by him. Although relevant, evidence may be excluded if it constitutes a "waste of time." See La. C.E. art. 403. The trial court held, and we agree, that any evidence concerning the value of the properties was inadmissible as irrelevant and a waste of time because Mark's tax returns showed that he had the means to pay the child support requested by Karen.
Since the trial court must use its discretion in setting the amount of child support based on the facts before it, this court will not disturb those factual findings absent abuse of discretion or manifest error. *403 Powell v. Regional Transit Authority, 96-0715 (La.6/18/97), 695 So.2d 1326; Rosell v. ESCO, 549 So.2d 840 (La.1989); State v. Baxter, 33,188 (La.App.2d Cir.5/10/00), 759 So.2d 1079. To reverse the trial court's factual findings, the appellate court must find from the record that no reasonable factual basis exists for the findings and must determine that the record establishes the findings as clearly wrong or manifestly erroneous. Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La. 1993). We find that a factual basis for the amount of child support does exist and that the trial court was not manifestly erroneous in setting the amount of child support at $1,100 per month per child.
This court, in State v. Baxter, supra, reasoned that:
The amount of child support to be set [where the parties' combined gross monthly income is in excess of $10,000] should be judged on a case-by-case basis; there is no mathematical formula, including one that simply extrapolates from the maximum amount listed. The circumstances of the parents and the child's best interest are the determinative considerations. A parent's ability to pay and the lifestyle that the child otherwise would enjoy if the parents had not separated are important considerations.
The record in the case sub judice reveals that the children are currently enjoying the same standard of living that they enjoyed when Mark and Karen were married. Furthermore, the trial court found that Mark's current standard of living is approximately equal to the children's current standard of living.
The trial court next found that Karen's living expenses in 1994 (the time of divorce) were $3,302 per month. Karen claims, however, that the monthly expenses were $4,400 per month. She filed an expense-sheet which reflects that amount, but the expense sheet was filed on November 7, 2000. The trial court based its finding on Karen's answer to interrogatories in 1994 stating that her monthly expenses were $3,302 per month. The trial court, therefore, was not manifestly erroneous in finding that Karen's answers to the interrogatories in 1994 more accurately reflected her monthly expenses at that time.
In 1994, the oldest child, H.P., was a minor. H.P. is no longer a minor, and Mark is no longer obligated to pay child support on her behalf. On November 7, 2000, Karen submitted an expense sheet showing that her monthly expenses for the children were $5,378.40. Included within that statement, however, were the following expenses that Mark was ordered to pay separately:
(1) Base fees and expenses for baseball, basketball, debate and cheerleader camp;
(2) "Close Up" and similar trips sponsored by school organizations;
(3) senior rings and yearbooks;
(4) tutoring expenses;
(5) ACT and SAT test preparation expenses;
(6) up to two horseback riding lessons per week per child; and
(7) maintenance, repairs and insurance on the vehicle driven by J.P.
In addition, Mark was ordered to pay all major medical and dental insurance for the children plus all medical expenses not covered by insurance. Furthermore, we note that Karen's estimates for furniture replacement and home maintenance were not supported by the record with collaborating evidence. In consideration of the foregoing, we find that the trial court's award *404 was accurate in relation to Karen's expenses for the children.
Karen next asserts that the trial court erred in not requiring Mark to help pay for the vehicle driven by J.P. She argues, and the trial court found, that purchasing the vehicle for J.P. was consistent with their lifestyle, since HP was given a car, and that Mark should have to contribute to the expense of the vehicle. The trial court, in its reasons for judgment, stated, inter alia, that Mark "did not feel [that J.P.] had exhibited sufficient maturity and responsibility to justify entrusting him with an automobile." Although La. R.S. 9:335(B)(3) gives the domiciliary parent the authority to make all major decisions concerning the child, it does not necessarily require the non-domiciliary parent to pay for that decision. We agree that Mark's concern about J.P. being too irresponsible to have a vehicle was legitimate. Additionally, Karen was the actual owner of the vehicle and could sell it at any time. The trial court, therefore, did not abuse its discretion by not ordering Mark to pay for the vehicle driven by J.P.[2]
Next, Karen argues that the trial court erred in finding that the reasonable expenses for the children were $3,300 per month. She claims that her expenses for the children exceed $5,000 per month. As previously stated, Mark is required to pay some expenses directly, but Karen argues that the children engage in more activities, so those enumerated expenses do not account for all of the extra-curricular activities in which the children participate. We find this argument to be without merit because Mark is responsible for substantially more than just $3,300 per month.
Karen also argues that the trial court erred in attributing less than $200 per month for housing costs (the house was debt-free until Karen obtained a mortgage to cover additional debts as a result of Mark and Karen's property settlement). Contrary to Karen's argument, our review of the record reveals that the trial court attributed $213.33 of the mortgage to the children's housing expenses. That amount represents the portion of the mortgage which is attributable to the swimming pool that was built for the children. The rest of the mortgage resulted from Karen's personal debts, and we agree with the trial court that Mark is not responsible for the portion of the mortgage that represents Karen's personal debts.
Karen next argues that the trial court's award of child support is below and not consistent with the means and lifestyle of Mark. The trial court has discretion in setting the amount of child support when the combined monthly income exceeds that listed in the schedule. State v. Baxter, supra. Karen urges that the trial court abused its discretion by not considering the affluent lifestyle of Mark and not taking into consideration her daily services to the children, such as cooking, cleaning, providing transportation and giving care and guidance. See Ducote v. Ducote, 339 So.2d 835 (La.1976). As previously stated, however, we find that Mark's lifestyle is approximately equal to the children's lifestyle.
In her last assignment of error, Karen argues that the trial court erred in not awarding child support in globo. Karen claims that the amount of support for three children is not triple that of one child because the expenses of housing and transportation are the same. The law, however, does not require an in globo award, and we find that the trial judge did not abuse his *405 discretion in setting the amount of child support based on each child.

CONCLUSION
For the reasons set forth above, the judgment of the trial court, in favor of Karen Laird Porter, Plaintiff, and against Mark E. Porter, Defendant, setting child support in the amount of $3,300 per month, plus the enumerated expenses stated above, is affirmed. Costs are assessed to Karen Laird Porter.
AFFIRMED.
NOTES
[1] The schedule was amended on June 28, 2001, to include combined gross monthly income up to $20,000. That amendment, however, is not applicable to cases filed before August 1, 2001.
[2] As previously stated in this opinion, we note that Mark was ordered to pay for all maintenance and insurance costs associated with the vehicle.