823 So.2d 1023 (2002)
Daran Hines REEVES, Plaintiff-Appellant,
v.
Sharron Joan Thomas REEVES, Defendant-Appellee.
No. 36,259-CA.
Court of Appeal of Louisiana, Second Circuit.
July 24, 2002.
Opinion on Rehearing September 12, 2002.
*1024 Robert S. Tew, Monroe, for Appellant.
McLeod Verlander, by Robert P. McLeod, Linda K. Ewbank, Monroe, for Appellee.
*1025 Before NORRIS, GASKINS & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from a judgment of child support and interim spousal support. Daran Reeves was ordered to pay $7,400 per month in child support for his three minor children and to make direct payments in the amount of $685 per month for the benefit of the children. Daran was given a credit in the amount of $4,650 per month for payments made during the time period of April 25-July 10, 2001 (date of judicial demand to the date of trial). Daran was further ordered to pay interim spousal support to Joani Reeves in the amount of $3,050 per month for the period of April 25-August 10, 2001 (date of judicial demand to the date of Joani's remarriage); however, this amount was found to have been discharged by him due to payments made by him to Joani during that period of time. Daran appeals the child support award and Joani has answered the appeal challenging the credits awarded Daran and the omission from the judgment of a provision regarding extraordinary medical, dental and orthodontic expenses incurred by her on behalf of the children. For the reasons stated herein, we affirm.

FACTS
Daran and Joani were married on January 10, 1987. Three children were born of the marriage: Thomas Daran, 12; Taylor Austin, 9; and Matthew William, 7. The parties filed suit for divorce on April 19, 2001. On July 10, 2001, testimony was adduced and the trial court took under advisement the issue of child support and interim spousal support. On July 31, 2001, Joani filed a supplemental and amending petition seeking divorce under La. C.C. art. 103, which was granted on August 6, 2001. Joani remarried on August 10, 2001.
Daran is a named partner and principal in the insurance agency Thomas, Farr & Reeves in Monroe. Joani is the daughter of Jerry Thomas, another partner and principal in the agency. Daran has been very successful in the insurance business; Joani has a masters in education, but was a stay-at-home mom when the kids were young and then worked part-time developing an accessories business for a Monroe floor design company when the kids reached school age so that she could take them to extra-curricular activities in the afternoons. The annual gross income of both parties exceeds $450,000. Daran conceded that his estimated monthly gross income is $35,000 (which the court found to be closer to $38,000) and Joani demonstrated a monthly earning capacity of $1,720.
The evidence reveals a very lavish lifestyle in the year preceding the divorce. The children were involved in many expensive extracurricular activities, were accustomed to vacationing in the family's two condominiumsone in Destin, Florida, and one in Coloradoand enjoyed a highly affluent standard of living. The trial court found that $7,400 per month in child support, plus direct payments of $685 (which included health insurance for the children, country club dues and athletic association dues), would enable the children to continue their pre-divorce lifestyle after the divorce and that Daran was able to pay that amount. The trial court also found, however, that Daran made payments totaling $10,777 per month since the date of filing for expenses such as mortgage, notes on the condos, health insurance, credit card bills, etc. The court, therefore, concluded that 75 percent of those payments should be credited as child support paid with the remaining 25 percent being credited as spousal support.
Regarding spousal support, Joani sought $8,000 per month, while Daran maintained *1026 that his payment of most of her expenses since the date of filing discharged his obligation to pay interim support. In addition, Daran paid $1,500 directly to Joani during the period after the filing. The trial court agreed that Daran's payments discharged his obligation to pay the interim support.

DISCUSSION

Daran's appealchild support
Daran argues that the trial court manifestly erred in awarding $7,400 per month in child support and ordering him to pay an additional $685 per month in direct payments for the benefit of the children. We find no manifest error in the trial court's award.
La. C.C. art. 227 provides that parents, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children. The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762; Hogan v. Hogan, 549 So.2d 267 (La.1989); Harper v. Harper, 33,452 (La.App.2d Cir.6/21/00), 764 So.2d 1186. The overriding factor in determining the amount of support is the best interest of the children. Bagwell v. Bagwell, 35,728 (La.App.2d Cir.3/8/02), 812 So.2d 854, citing State v. Baxter, 33,188 (La.App.2d Cir.5/10/00), 759 So.2d 1079; and Baggett v. Baggett, 96-453 (La.App. 3d Cir.4/23/97), 693 So.2d 264.
The Louisiana Child Support Guidelines set forth the method for implementation of the parental obligation to pay child support. La. R.S. 9:315, et seq.; Stogner v. Stogner, supra; State in the Interest of Travers, 28,022 (La.App.2d Cir.12/6/95), 665 So.2d 625. The guidelines are intended to fairly apportion between the parents the mutual financial obligation they owe their children in an efficient, consistent and adequate manner. Id.; Bagwell v. Bagwell, supra. Child support is to be granted in proportion to the needs of the children and the ability of the parents to provide support. La. C.C. art. 141.
Before their revision in 2001, the child support guidelines provided a schedule of parents' combined adjusted monthly gross income up to $10,000 upon which to base the monthly child support amount.[1] If the combined adjusted gross income of the parents, however, exceeds the highest sum on the schedule, the court has the discretion in setting the basic child support obligation. La. R.S. 9:315.10(B) (2000);[2]Bagwell v. Bagwell, supra; Porter v. Porter, 35,301 (La.App.2d Cir.12/19/01), 803 So.2d 399; State v. Baxter, supra; Hansel v. Hansel, 00-1914 (La.App. 4th Cir.11/21/01), 802 So.2d 875, writ denied, 01-3365 (La.3/8/02), 811 So.2d 880. The *1027 amount of support should be judged on a case-by-case basis; there is no mathematical formula. Bagwell v. Bagwell, supra; State v. Baxter, supra. A parent's ability to pay and the lifestyle that the child would have enjoyed had the parents not separated are important considerations. Id.
The trial court must use its discretion in setting the amount of child support based upon the facts before it and must consider the totality of the circumstances of each case in rendering an award of child support. Bagwell v. Bagwell, supra. An appellate court is not to disturb the trial court's factual findings absent an abuse of its discretion or manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Bagwell v. Bagwell, supra; Porter v. Porter, supra; State v. Baxter, supra.
In the case sub judice, neither party disputes that the children lived a rather lavish lifestyle prior to the divorce. Likewise, neither party takes issue with the amount of income attributed to them by the trial court. As previously stated, Daran's gross monthly income is between $35,000 and $38,000 and Joanie's gross monthly income is $1,720. The trial court noted, and we find, that much of the testimony at trial demonstrated the highly affluent lifestyle of the couple and children prior to the divorce. The record also contains extensive documentation from the year preceding the divorce showing the parties' expenditures to maintain this extravagant and luxurious lifestyle. The trial court examined the items listed on Joani's affidavit of expenses alleged by her to be for the benefit of the children (which Joani claimed to total $14,000 per month) and concluded that $8,117 per month was the actual amount of expenses directly benefitting the children. After reducing this amount by $685, representing health insurance, country club dues and athletic association dues, which were to be direct payments by Daran, the trial court rounded the monthly support amount to $7,400.
Children are entitled to support in an amount to maintain them in the style commensurate with the standard of living the family enjoyed before the marriage terminated. Thomey v. Thomey, 33,000 (La.App.2d Cir.4/7/00), 756 So.2d 698. Guided by this precept, we find a reasonable factual basis in the record to support the trial court's award; and, therefore, we will not disturb it on appeal.

Joani's Answer to Appealcredits for child and spousal support
In her answer to the appeal, Joani challenges the trial court's award of two credits to Daran. First, the trial court awarded Daran a credit towards his monthly child support obligation in the amount of $4,650 per month for the time period of the date of judicial demand to the date of trial on the rule. Second, the trial court awarded Daran a credit toward his interim spousal support obligation in the sum of $1,550 per month for the time period of the date of judicial demand until August 10, 2001, the date Joani remarried. We find no manifest error in the trial court's awarding Daran these credits.
At trial, Daran introduced an affidavit of income and expenses which reflects expenditures after the filing of the petition for divorce totaling $10,777 per month. Certain of the listed expenses were clearly incurred for the maintenance of both Joani and the children's lifestyle, including the mortgage notes on the residence where Joani and the children continued to reside, utilities, health insurance, *1028 credit card bills and open accounts at local clothing stores. The trial court found, and we agree, that approximately $6,200 of Daran's post-filing monthly expenditures were attributable to support of Joani and the children. Likewise, we find no error in allocating 75 percent of such expenditures (or $4,650) to the child support obligation and the remaining 25 percent (or $1,550) of the same to the interim spousal support obligation.
Next, Joani argues that the trial court's finding that Daran had completely discharged his spousal support obligation was error. We disagree. Initially, we note that the trial court found that Joani was entitled to an award of interim spousal support and neither party has challenged that finding on appeal. As previously noted, the dispute concerns the trial court's finding that the obligation to pay Joani had been discharged by payments made by Daran after the filing of the petition for divorce. In this regard, the record indicates that, in addition to the payments which support the credit awarded against the spousal support obligation discussed above, Daran made direct post-filing payments as support for Joani in the amount of $1,500 per month.
The purpose of an interim allowance of spousal support is to maintain the status quo without unnecessary economic dislocation until a determination of the amount of final support can be made and until a period of time of adjustment elapses that does not exceed, as a general rule, 180 days after the judgment of divorce. La. C.C. art. 113; Defatta v. Defatta, 32,636 and 32,637 (La.App.2d Cir.2/1/00), 750 So.2d 503. The trial court is afforded much discretion in determining an award of interim spousal support and such a finding will not be disturbed absent a clear abuse of discretion. Bagwell v. Bagwell, supra; Thomey v. Thomey, supra. Despite Joani's request for $8,000 per month in interim spousal support, we find that Daran's continuing to pay the monthly expenses of the family post-filing and his direct payment each month of $1,500 to Joani was sufficient to prevent unnecessary economic dislocation during the pendency of the proceedings. In addition, Joani's car note and monthly lawn service were paid through Daran's employer during this time period. We also note that any award made by the court would have been for a short period of time (approximately four months) because the award would have terminated by operation of law on August 10, 2001, when Joani remarried. La. C.C. art. 115. We agree with the trial court that Daran's contributions to Joani during the pendency of the proceeding was sufficient to "maintain the status quo without unnecessary economic dislocation."

Extraordinary Expenses
Joani also argues that the trial court erred in omitting from the award of child support a specific provision for the payment of extraordinary medical, dental and orthodontic expenses incurred for the children. Daran submits that the trial court considered these expenses in fashioning its award under the guidelines; and, therefore, there was no need for a specific award of the same.
This issue is governed by La. R.S. 9:315.5 which provides that "[b]y agreement of the parties or order of the court, extraordinary medical expenses incurred on behalf of the child shall be added to the basic child support obligation." The child support award in the case sub judice includes $400 per month for "uninsured health expenses." This figure was taken directly from Joani's exhibit introduced at trial which showed expenses related to such needs of the children as allergist services, prescription drugs and eyeglasses. The calculation also casts Daran with the responsibility of maintaining health insurance for the children at $300 per month. *1029 There was no evidence adduced regarding any extraordinary expenses as defined by La. R.S. 9:315; however, Joani argues in brief that there exist certain orthodontic expenses for the children. Evidence of such expense, however, was not presented to the trial court and was not, therefore, addressed in the award. If extraordinary expenses do exist, or in the event other extraordinary medical or dental expenses are incurred in the future, on motion of a party, the child support award may be modified in the trial court accordingly.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Appellee, Sharron Joan Thomas Reeves.
AFFIRMED.

ON REHEARING
Before NORRIS, WILLIAMS, GASKINS, PEATROSS & KOSTELKA, JJ.
PER CURIAM.
The assessment of costs is amended to tax each party equally with the cost of appeal.
NOTES
[1] Pursuant to Acts 2001, No. 1082, § 1, the legislature amended La. R.S. 9:315.19. The revision comments reflect the principal effect of the 2001 amendment as extending the schedule amounts of parents' combined adjusted gross income to $20,000. The amended provision applies to child support actions filed after August 15, 2001. The rule in the case sub judice was filed prior to the effective date of the revision.
[2] La. R.S. 9:315.10 (2000), enacted by Acts 1989, No. 9, § 1, was redesignated as La. R.S. 9:315.13 by Acts 2001, No. 1082, § 1. La. R.S. 9:315.13(B) as it currently reads provides:

If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in La. R.S. 9:315.19, the court shall use its discretion in setting the amount of the basic child support obligation in accordance with the best interest of the child and the circumstances of each parent provided in La. C.C. art. 141, but in no event shall it be less than the highest amount set forth in the schedule. As noted in the revision comments, article 141, which governs the award of child support at divorce, provides that child support is to be determined based upon the needs of the child as measured by the standard of living enjoyed by the child while living with his intact family and upon the ability to pay of each parent.