946 So.2d 321 (2006)
Michelle L. GARDNER, Plaintiff-Appellant,
v.
John Blackwell GARDNER, Defendant-Appellee.
No. 41,655-CA.
Court of Appeal of Louisiana, Second Circuit.
December 27, 2006.
*322 Geary S. Aycock, West Monroe, for Appellant.
*323 Linda K. Ewbank, for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
The plaintiff, Michelle Gardner, appeals a judgment awarding defendant, John Gardner, child support of $523 per month during the ten-month school year. For the following reasons, we amend and affirm as amended.

FACTS
Michelle and John Gardner were married in 1988 and resided in Monroe, Louisiana. One child, J.G., was born of the marriage on July 28, 1995. Michelle Gardner ("Michelle") filed for divorce in September 1995. By stipulated judgment, Michelle was named the primary custodial parent and John Gardner ("John") agreed to pay child support of $360 per month. The parties were divorced in February 1996. In December 2003, Michelle married her current husband, Cohn Moon, a captain in the Army who had been deployed to Iraq. Shortly thereafter, Michelle quit her job at Waste Management. In 2004, John agreed to pay child support of $400 per month.
In January 2005, Michelle filed a "Rule to Modify Visitation and Increase Child Support," seeking to reduce the father's visitation and to relocate with the child to Fort Riley, Kansas, where her husband was stationed. She later changed the request to relocate to Fort Rucker, Alabama, where Moon was subsequently assigned. John, who had moved to El Dorado, Arkansas, filed an opposition to the mother's proposed relocation of the child and a motion to modify custody, seeking designation as the domiciliary parent.
After a hearing, the trial court issued a ruling in May 2005, designating John as the primary domiciliary parent and granting him the right to relocate the child to Arkansas. In September 2005, the court rendered judgment ordering Michelle to pay child support of $523 per month during the ten-month school year from August through May, retroactive to June 1, 2005. Michelle appeals the child support judgment, designating that portion of the record pertaining to the child support issue.

DISCUSSION
In several assignments of error, Michelle contends the trial court erred in ordering her to pay child support of $523 per month for the ten-month school year. She argues that the record does not provide a sufficient basis for the child support award because the trial court failed to explain the method it used to determine her child support obligation.
The Louisiana Child Support Guidelines set forth the method for implementation of the parental obligation to pay child support. LSA-R.S. 9:315, et seq.; Reeves v. Reeves, 36,259 (La.App.2d Cir.7/24/02), 823 So.2d 1023. The guidelines are intended to fairly apportion between the parents the mutual financial obligation they owe their children in an efficient, consistent and adequate manner. Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762; Reeves, supra. Child support is to be granted in proportion to the needs of the children and the ability of the parents to provide support. LSA-C.C. art. 141.
In the present case, each parent submitted to the court a child support worksheet stating the parties' monthly adjusted gross income and their suggested child support amounts under the statutory guidelines. In her original worksheet, Michelle listed John's monthly adjusted gross income of $8,000 based on an annual salary of $96,000, and imputed to herself a monthly adjusted gross income of $4,583 based on a *324 salary of $54,996 from her prior employment. In addition, Michelle provided the court with alternative worksheets to illustrate various options for the court in calculating her income potential.
In its written "Ruling, Judgment and Order," the court's one-sentence analysis stated that considering "the needs and means of the parties hereto, the ability to pay and the opportunity to pay, the resources of the parties and the possible impediments to those resources, the usability of available resources as well as the overall economic impact visited on the parties, child support in the amount of $523 per month should be paid to Mr. Gardner by Mrs. Gardner." Additionally, the court ordered Michelle to pay this child support amount only for the ten months of the school year.
The trial court did not explain the manner in which it applied the child support guidelines in determining Michelle's support obligation and failed to identify for the record the amount of her earning potential. However, because the record in the instant case contains sufficient information upon which to make a child support determination under the guidelines, a remand to the trial court is not necessary. See Holdsworth v. Holdsworth, 621 So.2d 71 (La.App. 2d Cir.1993).
In her brief, Michelle contends the trial court could have applied benefit sharing to attribute a portion of her husband's income to her for the purpose of setting child support, imputing to her an income of $750 per month. First, we note that pursuant to LSA-R.S. 9:315(C)(5), in determining the benefits of expense sharing the court shall not consider the income of another spouse except to the extent that such income is used directly to reduce the cost of a party's actual expenses. In this case, Michelle did not present evidence to demonstrate the amount of her husband's income that was used to reduce her actual expenses. Thus, Michelle's contention lacks merit.
Michelle also argues that imputing the income from her prior job to her for purposes of setting child support would not be fair because she acted in good faith and was relocating to Alabama to join her husband. She asserts that her child support payments should not exceed $100 because she will likely be working part time at minimum wage.
Pursuant to LSA-R.S. 9:315.11, in calculating a child support obligation, if a party is voluntarily unemployed or underemployed, child support shall be based on a determination of income earning potential, unless the party is mentally or physically incapacitated. Glover v. Glover, 28,493 (La.App.2d Cir.6/26/96), 677 So.2d 659; Holdsworth, supra. Absent evidence that work is not available or is available only at a lower salary, the wage earned prior to voluntary unemployment is the best estimate of an obligated party's potential income. Havener v. Havener, 29,785 (La. App.2d Cir.8/20/97), 700 So.2d 533; Holdsworth, supra.
In this case, Michelle testified that she was voluntarily unemployed so that she could spend more time with her child and be available to receive communications from her husband, who had been deployed overseas. There was no showing that she was incapacitated and unable to work. Thus, Michelle's potential income should be considered in calculating her child support obligation. Although Michelle testified that she might work part time for minimum wage, she failed to produce evidence of the availability of work and the prevailing wage for employment in the area surrounding Fort Rucker, Alabama, where she planned to move with her husband. In the absence of evidence that *325 work is unavailable or is available only at a lower salary, we must find that Michelle's income earning potential is $54,996 per annum, the salary earned at her last job.
The guidelines provide that child support obligations are to be determined by the combined adjusted gross incomes of the parties. The record indicates that the parents' combined adjusted gross monthly income is $12,583 and Michelle's income constitutes 36% of this amount. According to the child support guideline schedule, the child support obligation for one child is determined to be $1,295 per month. LSA-R.S. 9:315.19. Michelle's child support obligation is 36% of this amount, or $466 per month. Therefore, we shall amend the judgment to order Michelle to pay $466 in child support during the ten-month school year.
Failure to Plead for Child Support
Michelle argues that the trial court erred in ordering her to pay child support because John failed to request child support in his custody pleading. In a proceeding for divorce or thereafter, the court may order either or both of the parents to provide support for a child based upon the needs of the child and the ability of the parents to provide support. LSA-C.C. art. 141. The court has discretion to allow enlargement of the pleadings to conform to the evidence. LSA-C.C.P. art. 1154. A final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. LSA-C.C.P. art. 862.
In the present case, John's pleading contained a prayer for all relief to which he was entitled under the law, which provides that parents have an obligation to support their children. Under LSA-R.S. 9:315.8(D), Michelle, the nondomiciliary parent, was required to pay child support to John, the domiciliary parent. In addition, during an August 2005 court appearance, Michelle's attorney did not object when John's attorney requested that the court award child support to the father. The record shows that after John was designated the domiciliary parent, the issue of Michelle's child support obligation was tried by the parties. Thus, the court was authorized to render judgment awarding child support to John. The assigned error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court judgment awarding John Gardner child support for ten months of the year is amended to order Michelle Gardner to pay child support in the amount of $466 per month during the ten-month school year, effective June 1, 2005, subject to a credit for any previous payments. The judgment is otherwise affirmed. Costs of this appeal are assessed to the appellant, Michelle Gardner.
AMENDED AND AFFIRMED AS AMENDED.