982 So.2d 881 (2008)
John M. LANGLEY, M.D.
v.
Patricia M. LANGLEY.
No. 2007-CA-0754.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 2008.
*882 Edith H. Morris, Suzanne Ecuyer Bayle, Bernadette R. Lee, Morris, Lee & Bayle, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Theon A. Wilson, Law Offices of Theon A. Wilson, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
Dr. John Langley appeals the district court's calculation of the child support awarded to his former wife, Patricia Langley. The district court reduced Dr. Langley's child support obligation from $7,500.00 to $6,000.00 per month. The court ordered that Dr. Langley also pay private school tuition, fees, associated expenses, all school-related extra-curricular activities, and that he provide health insurance and pay all extraordinary medical expenses for the two minor children. We find no abuse of the district court's vast discretion in determining the child support award and, therefore, affirm.

FACTUAL AND PROCEDURAL HISTORY
The appellant, John M. Langley, M.D. ("Dr. Langley") and Patricia M. Langley ("Ms. Langley") divorced in February 1994. In March 1994, they entered into a consent judgment that resolved the issues of child custody, visitation and support and spousal support. In this judgment, Dr. and Ms. Langley agreed that Dr. Langley would continue to provide medical insurance for the children through his employer, pay one half of any extraordinary medical or dental expenses, and pay $5,500 per month in child support.
Thereafter, Dr. Langley filed a motion to reduce his child support obligation on the basis that his income had been reduced from approximately $40,000 to $25,000 per month. In September 1995, the district court reduced Dr. Langley's support obligation from $5,500 to $5,000 per month.
In Langley v. Langley, 96-0414 (La. App. 4 Cir 9/18/96), 681 So.2d 25, 26, writ denied 96-C-2489 (La.12/6/96), 684 So.2d 935 ("Langley I"), Dr. Langley appealed to this Court to decide whether the district court erred in reducing his child support obligation by only $500 per month and in declining to apply the reduction retroactively. This Court found the district court did not abuse its considerable discretion in determining the support obligation and affirmed the reduction but modified the judgment to make the reduction retroactive to the date of judicial demand.
*883 Thereafter, Ms. Langley moved to increase award of child support, and Dr. Langley moved to reduce the child support award. The district court increased the award of child support to $7,500.00 and both parties appealed. In Langley v. Langley, 98-2759 (La.App. 4 Cir. 11/10/00), 747 So.2d 183 ("Langley II"), this Court affirmed the judgment of the district court.
Pursuant to the aforementioned judgment, Dr. Langley's basic child support obligation for four minor children was set at $7500.00 per month in globo. Dr. Langley was an emergency room physician at Methodist Hospital prior to Hurricane Katrina. After Hurricane Katrina, Dr. Langley commuted to Monroe to work. Dr. Langley filed a Rule to Reduce Child Support, seeking a reduction of his $7,500.00 child support obligation on the basis that his income was reduced. At the time that Dr. Langley sought this reduction in child support, only two of the Langley's five children were minors.
The district court found that it was in the "best interest of the children that Dr. Langley's child support obligation be reduced" and ordered Dr. Langley pay child support in the amount of $6,000.00 per month and required that Dr. Langley "also pay private school tuition, fees, associated expenses, all school related extra-curricular activities, provide health insurance and pay all extraordinary medical expenses for the two minor children."

STANDARD OF REVIEW
A district court's order of child support is entitled to great weight. Carmouche v. Carmouche, 03-1106 (La.App. 5 Cir. 2/23/04), 869 So.2d 224. "Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error." State, Department of Social Services ex rel. D.F. v. L.T., 05-1965, p. 6 (La.7/6/06), 934 So.2d 687, 690, citing Reeves v. Reeves, 36, 259 (La.App. 2 Cir.2002), 823 So.2d 1023, 1027.
The statutory guidelines for calculating child support are set forth in La. R.S. 9:315 to 9:315.20. Deviations by the district court from the child support guidelines shall not be disturbed on appeal absent a finding of manifest error. La. R.S. 9:315.17.
On appeal, Dr. Langley argues that the district court's child support calculation in this case is manifestly erroneous, assigning error in the following respects: (i) finding that he was underemployed when he lost his job as a result of Hurricane Katrina; (ii) and deviating from the child support guidelines, setting child support at $6,000.00 without enumerating the reasons for the deviation. We separately analyze each of these alleged errors.

UNDEREMPLOYMENT
The district court found that "based on Dr. Langley's `purported' income he is underemployed as defined in La. R.S. 9:315.11." The district court found that Dr. Langley's monthly earning potential is at least $29,000.00. The appellant argues that the district court erred in finding that he was underemployed when he lost his job as a result of Hurricane Katrina.
The district court's factual finding that Dr. Langley is underemployed is subject to appellate review under the clearly wrong/manifest error standard and may not be set aside so long as it is reasonable, even if this court would have made a different factual finding as an original matter. Rosell v. ESCO, 549 So.2d 840 (La.1989). "Voluntary underemployment is a fact driven consideration." Koch v. Koch, 97-1600, p. 5 (La.App. 4 Cir. 4/22/98), 714 So.2d 63, 66. For the purpose of calculating a child support award, *884 voluntary underemployment is a question of good faith on the obligor-spouse in reducing his income. Hansel v. Hansel, 00-1914, p. 6 (La.App. 4 Cir. 11/21/01), 802 So.2d 875, 880 (citing Gould v. Gould, 28, 996 (La.App. 2 Cir. 1/24/97), 687 So.2d 685).
Dr. Langley contends that since he lost his job at Methodist Hospital as a result of Hurricane Katrina, the legal conclusion that he is underemployed is legally unsupportable. Ms. Langley argues that Dr. Langley is underemployed in that he could be earning the income that he earned prior to Hurricane Katrina.
To support his argument assigning error to the district court's finding that he is underemployed, Dr. Langley cites La. R.S. 9:315.11(C), which provides that:
A party shall not be deemed voluntarily unemployed or underemployed if he or she has been temporarily unable to find work or has been temporarily forced to take a lower paying job as a direct result of Hurricane Katrina or Rita.
In La. R.S. 9:315(C)(5), the definition of underemployment is included in the definition of income as follows:
(a) Actual gross income of a party, if the party is employed to full capacity; or
(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.
According to La. R.S. 9:315.11, "[i]f a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years." Further, when determining if a party is voluntarily underemployed for purposes of calculating a child support obligation, the court shall consider that party's earning capacity in light of all circumstances. Peacock v. Peacock, 39, 950 p. 14 (La.App. 2 Cir. 5/4/05), 903 So.2d 506, 516. "A party shall not be deemed voluntarily unemployed or underemployed if . . . the unemployment or underemployment results through no fault or neglect of the party." La. R.S. 9:315(C)(5)(b).
Dr. Langley's expert CPA, Mr. Maggiore testified that Dr. Langley's income from May 1, 2006 through August 31, 2006, was $104,830.00 from rental and employment income. The profit and loss statement also reflects that Dr. Langley's income at the end of this period was $20,435.03 after expenses.
We find that the district court's determination that Dr. Langley has the capacity to earn more money than what was characterized by Mr. Maggiore is well-founded. Dr. Langley testified that he "abandoned" a position in Beaumont, Texas to work at a facility in West Monroe. Dr. Langley also testified that he is licensed in Louisiana and Texas. The record reflects that Dr. Langley has over 18 years of experience in medicine. Prior to Hurricane Katrina, Dr. Langley was earning $29,000.00 per month as a physician at Methodist Hospital in New Orleans, Louisiana. Under these specific facts and circumstances, we do not find that Dr. Langley's abandonment of a position constitutes his being temporarily unable to find work or temporarily forced to take a lower paying job as a direct result of Hurricane Katrina under La. R.S. 9:315.11(C).
Moreover, in case sub judice, we find that the wage earned prior to underemployment is the best estimate of earning *885 potential. Thus, we find no manifest error in the district court's conclusion that Dr. Langley's earning potential was at least $29,000.00. We, therefore, will not disturb the court's factual finding that Dr. Langley was underemployed for purposes of the child support calculation.

ABUSE OF DISCRETION & DEVIATION FROM SUPPORT GUIDELINES
The district court found that the parties had a combined monthly income of $31, 551.25, an amount exceeding the amounts set forth in the Louisiana Child Support Guidelines. The court also found that it was in the best interest of the children that the amount of child support to be paid by Dr. Langley be reduced from $7,500.00 to $6,000.00 per month because there are now only two minor children. The court ordered Dr. Langley to pay private school tuition, fees, associated expenses, all school-related extra-curricular activities, and that he provide health insurance and pay all extraordinary medical expenses for the two minor children.
Dr. Langley argues that the trial court abused its discretion in setting child support at $6,000.00. He maintains that the combined income of the parties does not exceed the guidelines. He also asserts that the trial judge erred in deviating from the child support guidelines, stating that reasons for the deviation were not enumerated.
In Hester v. Hester, 01-0380, pp. 9-10 (La.App. 4 Cir. 12/12/01), 804 So.2d 783, this Court addressed deviation from the child support guidelines in the instance of income exceeding the Louisiana Child Support Guidelines as follows:
Where the combined adjusted gross income of both parents exceeds $10,000.00 per month, as is true in the instant case, the court shall use its discretion in setting the amount of the basic child support obligation. LSA-R.S. 9:315.10; Bullock v. Bullock, 98-0263, p. 4 (La.App. 4 Cir. 8/19/98), 719 So.2d 113, 115. The court's discretion in that regard includes consideration of a child's standard of living, as well as the child's needs. Id. Children are entitled to the same standard of living that they would enjoy if they lived with their father if their father's financial circumstances are sufficient to permit this. Id. . . .
When setting the amount of child support to be paid by a parent, the court should strive to maintain the lifestyle of the child, when possible, while considering the child's reasonably proven expenses and the parent's ability to provide. Falterman v. Falterman, 97-192 (La.App. 3 Cir. 10/8/97), 702 So.2d 781.
According to La. R.S. 9:315.1(B), "[i]f the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.19, the court shall use its discretion in setting the amount of the basic child support obligation in accordance with the best interest of the child and the circumstances of each parent as provided in Civil Code Article 141, but in no event shall it be less than the highest amount set forth in the schedule." Further, La. R.S. 9:315.1(C) provides that the district court may consider the following factors in determining whether to deviate from the basic child support guidelines:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.19.
. . .
(4) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.

*886 ...
(8) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
Contrary to the assertion by Dr. Langley, at the conclusion of the hearing, the district court gave written reasons for judgment, stating, in pertinent part:
Ms. Langley testified during trial that she is currently earning between $1800.00 to $2,000.00 per month. She testified that she is working part-time because she has to care for the parties' ill son. Dr. Langley argued that Ms. Langley has several degrees and that she is underemployed. The court finds that this argument is without merit due to the health of the parties' minor child and Ms. Langley's employment history. Dr. Langley introduced a completed child support worksheet at J.L. #3. The child support worksheet shows that Patricia Langley's gross monthly income is $2551.25. Ms. Langley did not object to the exhibit being admitted into the record. Therefore, the court finds that her current income is $2551.25.
The parties combined monthly income is $31,551.25. This amount exceeds the amounts set forth in the Louisiana Child Support Guidelines. . . .
In State v. Baxter, 33-188 (La.App. 2 Cir. 5/10/00), 759 So.2d 1079, the court held that the child support award should be judged on a case-by-case basis without a mathematical formula, such as one which simply extrapolates from the maximum amount listed. Factors to be considered in such an inquiry are: the circumstances of the parents; the child's best interest; the parent's ability to pay; and the lifestyle that the child otherwise would have enjoyed had the parents not separated in the first place. State v. Baxter, 33-188 (La. App. 2 Cir. 5/10/00), 759 So.2d 1079. If a former spouse's gross monthly income exceeds $10,000, child support should be judged on a case-by-case basis without a mathematical formula, including one that simply extrapolates from the maximum amount listed; the circumstances of the parents and the child's best interest are the determinative considerations, and the parents' ability to pay and the lifestyle that the child otherwise would enjoy if the parents had not separated are important, considerations." Hansel v. Hansel, 00-1914, pp. 8-9 (La.App. 4 Cir. 11/21/01), 802 So.2d 875, 881 (citing La. R.S. 9:315.10, subd. B, 9:315.14, subd. B; State v. Baxter, 33-188 (La.App. 2 Cir. 5/10/00), 759 So.2d 1079).
In Abbott v. Dunlap, 541 So.2d 995, 999 (La.App. 3 Cir.1989), a father was not entitled to a reduction in child support where the mother's income was inconsequential in comparison to his. The mother's day-to-day care of the minor child was considered in reviewing her contribution to support. Id. "Moreover, it is well entrenched in Louisiana jurisprudence that children living with the mother are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit." Abbott, 541 So.2d at 998 (citing Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir. 1980); Davis v. Davis, 428 So.2d 1195 (La.App. 5th Cir.1983); Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2nd Cir.1981); Hogan v. Hogan, 465 So.2d 73 (La.App. 5th Cir.1985)).
In addition, a husband's alimentary obligations are deemed priority to his obligations to creditors. Galbraith v. Galbraith, 382 So.2d 1042 (La.App. 2d Cir. 1980). Likewise, we determine that Dr. Langley's child support obligation primes his obligations to creditors.
The profit and loss statement presented by Dr. Langley's CPA expert reflects that *887 his income after expenses from May 1, 2006 through August 31, 2006 was $20,435.03. However, neither Dr. Langley nor Ms. Langley presented independent evidence of their current incomes, e.g., tax returns, check stubs, etc. Dr. Langley testified that he owns several rental units, only one of which is not producing rental income. Dr. Langley also testified that he "abandoned" a position in Texas.
Based on our review of the record of these proceedings, it is evident that the district court properly exercised its discretion in setting the reduced child support award. Despite any purported reduction in income, Dr. Langley is capable of paying the stipulated amount. The record reflects that Doctor Langley has substantial assets and earning potential from which support payments could be made. Moreover, both parties testified that their son suffers from bipolar disorder and/or schizophrenia, for which he is taking psychiatric medicine. Ms. Langley is the domiciliary parent for the child. Considering these circumstances and the fact that Ms. Langley is the day-to-day caregiver for the minor child who suffers with bipolar disorder and/or schizophrenia, we do not find that the district court's reduction was manifestly erroneous. We find that the setting of child support for the two remaining minor children in the amount of $6,000.00 per month was reasonable and fully supported by the record.
We find the amount of $6,000.00 to be appropriate under the circumstances and affirm the judgment of the district court.

DECREE
Based on the foregoing, we affirm the decision of the district court.