JUDE G. GRAVOIS, Judge.
|Jn this Crosby[1] appeal, defendant, Centeria McKenzie, appeals her conviction for forgery. On appeal, she argues that the trial court erred in denying her motion to quash the bill of information filed against her because of the State’s failure to timely prosecute her. Finding no error or abuse of discretion in the trial court’s ruling under review, we affirm defendant’s conviction.

PROCEDURAL HISTORY AND FACTS

On July 11, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant, Centeria McKenzie, with forgery in violation of LSA-R.S. 14:72. On July 16, 2007, defendant was arraigned and entered a plea of not guilty. At her arraignment, defendant was given both oral and written notice to appear on September 14, 2007. When defendant failed to appear on that date, the L trial court issued an attachment for her arrest. This attachment was satisfied by defendant’s arrest on February 8, 2008 and was recalled on February 14, 2008.
*961 On February 19, 2008, defendant appeared in court and was given both oral and written notice to appear on March 7, 2008. When defendant failed to appear on that date, the trial court issued another attachment for her arrest. This attachment was satisfied by defendant’s arrest on August 26, 2011. Motions were then set for hearing on September 12, 2011.
On August 80, 2011, defendant was released from custody due to prison overcrowding. At the time of her release, defendant was given written notice to appear in court on September 12, 2011. She did not appear in court on that date, and as a result, the court issued a third attachment for her arrest. That attachment was recalled on September 13, 2011, and motions were re-set for October 17, 2011. Defendant did not appear in court on that date, and a fourth attachment was issued for her arrest. That same day, defendant filed a motion to quash the bill of information, a hearing for which was set on November 14, 2011. Defendant did not appear on November 14, 2011, and the court ordered her attachment to remain outstanding. This attachment was eventually satisfied on March 1, 2012, and the motions were set for hearing on March 2, 2012.
On March 2, 2012, the court denied defendant’s motion to quash. Thereafter, defendant withdrew her plea of not guilty and entered a plea of guilty pursuant to State v. Crosby, supra, reserving her right to appeal the denial of her motion to quash.[2] The trial court thereupon sentenced defendant to two years at hard labor, suspended the sentence, and placed her on two years of active probation. Defendant was also fined $500.00 plus costs. On March 7, 2012, the trial court granted defendant’s motion for appeal.
l4The facts of the offense, as detailed in the bill of information, although not relevant to this appeal, are that on or about May 30, 2007, defendant “did willfully and unlawfully forge with intent to defraud a check drawn on the account of Gary Bank-ston dated 05/30/2007, in the sum of $50.00, payable to the order of Centeria McKenzie and signed Gary Bankston as purported maker thereof.”
ASSIGNMENT OF ERROR — denial of motion to quash
In her sole assignment of error, defendant contends that the trial court erred in denying her motion to quash. She argues that the bill of information should have been quashed because the State did not timely commence trial. The State responds that this claim has no merit.
La.C.Cr.P. art. 532(7) provides that a motion to quash may be based on the expiration of the time limitation for the institution of prosecution or for the commencement of trial. Defendant was charged by bill of information filed on July 11, 2007 with forgery, a non-capital felony offense.[3] Therefore, pursuant to La. C.Cr.P. art. 578(A)(2), the State was required to bring defendant to trial within two years from the date of institution of the prosecution. Prosecution is instituted on the date when the indictment is returned or the bill of information is filed. State v. Smith, 07-959, p. 5 (La.App. 5 Cir. *962 3/11/08), 982 So.2d 881, 884 (citations omitted). The bill of information was filed in this case on July 11, 2007; as such, trial must have commenced no later than July 11, 2009, unless the time limitation was interrupted.
1 r,Louisiana law allows for the interruption of this prescriptive period. State v. Romar, 07-2140, p. 3 (La.7/1/08), 985 So.2d 722, 725 (citation omitted). La. C.Cr.P. art. 579 provides as follows:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Defendant does not explicitly acknowledge that the prescriptive period was interrupted by her failure to appear on March 7, 2008. However, she seems to argue that even if the interruption commenced with her failure to appear on that date, it ceased on August 13, 2008, because on that date, the Clerk of Court for the 24th Judicial District Court received a letter from the State Attorney for the First Judicial Circuit of Florida stating that defendant was being prosecuted on felony charges in the state of Florida.[4] This letter, defendant argues, gave the Jefferson Parish District Attorney’s Office notice of defendant’s location on or about August 13, 2008. Since the State had knowledge of her whereabouts on that date, defendant claims that her trial should have commenced within two years of that date. Since it did not, she argues that the bill of information should have been quashed pursuant to La.C.Cr.P. art. 532(7).
lfíThe State argues that the prescriptive period in this case was interrupted when defendant failed to appear in court on March 7, 2008. The State contends that this interruption terminated on August 29, 2011, when defendant’s attachment for her arrest was recalled by the trial court as a result of her arrest on August 26, 2011.[5] The State further claims that the prescriptive period commenced to run anew from this date (August 29, 2011), thereby rendering the commencement of trial timely. The State notes in brief that the letters from the Florida court do not state that defendant was incarcerated in that state, nor do they contain any address information on defendant.
In support of her argument, defendant relies on State v. Amarena, 426 So.2d 613 (La.1983). However, that case is easily distinguished from the instant ease. In Amarena, in which the Supreme Court granted defendant’s motion to quash, the State had received notification of the fact that defendant was incarcerated in California. The State argued that the statutory *963 interruption did not cease until defendant was transported to Louisiana. The Supreme Court held that the period of interruption under La.C.Cr.P. art. 579(A)(1) had ceased when the State received official notification that the defendant was incarcerated in California and the State failed to timely proceed with any of the proper steps to obtain defendant’s presence in Louisiana until more than two years after the State learned of defendant’s whereabouts, at which time he was promptly delivered to Louisiana. Further, the Supreme Court also found La.C.Cr.P. art. 579(A)(2) applicable, determining that the State had and failed to bear the heavy burden of proving that the defendant’s purpose in remaining outside the state was to avoid detection, apprehension or prosecution. Amarena at 617.
In this case, the letters from the Florida court fail to show that defendant was incarcerated in that state, and moreover fail to supply any address information for defendant. Thus, Amarena is not pertinent herein. Further, in 1984, the year after Amarena was decided, La.C.Cr.P. art. 579 was amended to add section (A)(3), which declared that the period of limitation established by Article 578 shall also be interrupted if “[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record,” upon which the State relies here. Thereafter, the Louisiana circuit courts of appeal were split over whether this section imposed an affirmative duty upon the State to search for a defendant who has failed to appear for trial after receiving actual notice. In State v. Romar, 07-2140 (La.7/1/08), 985 So.2d 722, the Supreme Court resolved the split in the circuits, declaring that the State did not have that affirmative duty, and moreover that its duties were discharged thereunder by issuing an attachment for Romar’s arrest. The Court held that “[t]he burden under La.C.Cr.P. art. 579(A)(3) thus falls not on the state to show that defendant had placed himself outside of its control to secure his presence at trial but on defendant and his sureties to avoid the consequences of his failure to appear in court after receiving notice, and one of those consequence [sic], since 1984, is the interruption of the time limits placed on trial.” Romar, 07-2140 at p. 8, 985 So.2d at 727.
In Romar, nearly eight years passed before the defendant was arrested on the attachment, during which time the trial court recognized that the defendant was, at least in theory, “locatable.” Romar, 07-2140 at 7, 985 So.2d at 727. The Court held that the prescriptive period did not begin to run anew until the cause of the interruption no longer existed, i.e., until the defendant was finally arrested on the open attachment and appeared in court to dispose of the criminal contempt proceeding. Id.
lRIn this case, pursuant to La. C.Cr.P. art. 579(A)(3), the interruption began on March 7, 2008, when defendant failed to appear in court after receiving actual notice. Romar makes it clear that when the cause of interruption is by a defendant’s failure to appear after having received proper notice, the interruption does not terminate until the defendant is arrested on the attachment, regardless if he is “locatable.”[6] Here, defendant was arrested on the attachment on August 26, 2011. Therefore, pursuant to Romar, the interruption ceased on that date and the prescriptive period began to run anew.
*964 An appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion. State v. Love, 00-8347, pp. 9-10 (La.5/23/08), 847 So.2d 1198, 1206. Since defendant was brought to trial within two years of her arrest on August 26, 2011, we find that the trial court did not abuse its discretion in denying defendant’s motion to quash.
Defendant’s assignment of error is without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.

CONCLUSION

For the foregoing reasons, defendant’s conviction is affirmed.

AFFIRMED

. State v. Crosby, 338 So.2d 584 (La.1976).

. Under Crosby, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in his case.

. LSA-R.S. 14:2(4) defines felony as "any crime for which an offender may be sentenced to death or imprisonment at hard labor.” LSA-R.S. 14:72(D) provides: “Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.”

. A second letter dated May 20, 2010, containing the same information, was received by the Clerk of Court from the State Attorney for the First Judicial Circuit of Florida.

. Although the State asserts that defendant's arrest date was August 29, 2011, the record reflects that defendant's arrest date was August 26, 2011.

. It is debatable whether the letters from the court in Florida equate to information sufficient to have made defendant "locatable.” The letters do not state that defendant was incarcerated in Florida; nor do they have any address information for defendant.